# Knauss versus Brua.

107 85
108 491

107 85
134 339

107 85
167 44

107 85
202 ²311

107 85
210 189

1. An owner of real estate cannot by leasing the same to a tenant avoid liability to a third party for the continuance of a nuisance on the premises which before such leasing it was his duty to abate.

2. A lessor out of possession is liable in damages to a third party for the continuance by his tenant of a nuisance arising from a privy well and private sewer on the leased premises which was either defectively constructed, or was obstructed and out of repair at the beginning of the lease.

3. *Semble,* that the tenant, if he contributed to the existence of the nuisance, would also be liable to a third party injured thereby.

June 2d, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county:* Of May Term, 1884, No. 31.

This was an action of trespass on the case for nuisance, by Franklin Knauss against John P. Brua.   Plea, not guilty.

On the trial, before SIMONTON, P. J., it appeared that the plaintiff and the defendant owned adjoining houses and lots, that of the defendant being in possession of a tenant.   The nuisance complained of was a privy well and sewer connection in the cellar of defendant's premises, which at times became obstructed, whereby filthy water percolated through the party wall into the cellar of plaintiff's house.   The court submitted the evidence to the jury, with instructions that if they found that the nuisance existed from the cause alleged, they should find a special verdict in the shape of answers to written questions submitted to them, subject to the opinion of the court, as to the law applicable thereto.   The special verdict is set forth in full in the opinion of this court.   The jury found for the plaintiff for $201 on said facts.

Subsequently the court entered judgment for the defendant, *non obstante veredicto,* in the following opinion by SIMONTON, P. J.:

The jury found the following facts specially:   That a nuisance to plaintiff existed on the lot belonging to defendant after he contracted for its purchase in December, 1881, and before he leased it to his tenant on January 18th, 1882, and continued to exist until the time when the suit was brought on July 1st, 1882.   That the nuisance was caused by the condition of the pit of the water-closet before it was repaired and obstructions in the sewer leading from the closet, which was large enough to carry off the deposits in the closets when not obstructed, but in the opinion of the jury has not sufficient fall to be very efficient.

The question was reserved whether on these facts the defendant, the landlord, was liable for the damage, or whether judgment should be entered in his favor *non obstante veredicto.*

It is as well settled as anything can be that "in the absence of an express agreement there is no implied obligation on the landlord to repair demised premises " (Moore *v.* Weber, 21 P. F. S. 432); and it is no less certain that in the absence of an obligation on the part of the landlord to repair, he is not liable to a third party for a nuisance occasioned by want of repairs while the premises are in possession of a tenant,

[Knauss v. Brua.]

unless he has demised the land with the nuisance existing upon it; and even then "the nuisance must be one that necessarily arises from the tenant's ordinary use of the premises for the purposes for which they were let, and not to be avoided by reasonable care on the tenant's part:" McCarthy v. York County Savings Bank, 74 Me. 315, citing and approving Taylor's Land and Ten., sect. 175. And the overwhelming weight of authority is that where the landlord has not himself erected the nuisance, but merely continues it in the condition in which it was when he purchased the premises, he cannot be held liable unless it is averred and proved that he was notified to remove it: City of Lowell v. Spaulding, 4 Cush. 277, and note to S. C. 50 Am. Dec. 779.

Let us apply these principles to the case before us. Plaintiff gave in evidence the conveyances which show that defendant contracted to purchase the premises in December, 1881; that they were conveyed to him February 20th, 1882, having been previously leased by him to the tenant January 18th, 1882, for one year from April 1, 1882, and the lease shows that the landlord did not covenant to make repairs. It was also shown on the trial that the same tenant was in possession under the former owner up to April 1st, 1882.

Plaintiff also gave evidence to prove that defendant was notified in March, 1882, of the existence of the nuisance, and requested to abate it. This was contested by defendant, but for the purposes of the case as it now stands we take it to be the fact.

Thus it appears that the defendant himself did not at any time erect a nuisance upon the premises; that there was no point of time when he was in possession of or had a right of entry upon them, and that he was not notified until after he had parted with the right of possession by a lease which contained no covenant on his part to repair, and that the nuisance arose from want of repairs in the water-closet pit and obstructions in the sewer; and the obstructions were shown by the plaintiff to be caused by such articles as bottles, cans, shoes, coal, rags, &c. The removal of these could not be called repairs, and under any circumstances it would be the duty of the tenant, and impossible for the landlord to keep them out of the sewer or remove them when in. It was equally the duty of the tenant to keep the pit of the water-closet in repair, and although it was repaired by the landlord, this, as shown in Moore v. Weber, already cited, does not warrant any inference he was bound to do so.

Without enlarging further, we feel bound to decide that judgment must be entered for defendant on the first count in the declaration *non obstante veredicto.*

The plaintiff took this writ of error, assigning for error the said judgment for defendant *non obstante veredicto.*

*Hall* (*Jordan* with him), for the plaintiff in error.—The special verdict established the facts that the defendant bought the premises with a nuisance on them of a permanent character, consisting in an improperly constructed privy well and sewer with insufficient fall, and leased them in that condition to his tenant, and that the same nuisance continued to exist at the time this suit was brought. Under these circumstances a landlord out of possession is liable to a third person injured by such nuisance, and judgment should have been entered on the verdict: Wood's Landlord and Tenant (12th ed). 707 ; Taylor's L. & T. (7th ed.) § 175, and cases cited in 50 Amer. Dec. 780. Nor is it material that the negligence of the lessee contributed to the injury; that may render the lessee also liable, but it cannot exempt the lessor from liability: Walsh *v.* Mead, 8 Hun 387.

*J. M. Wiestling,* for the defendant in error.—The jury found, in answer to the fourth question, that "the sewer was large enough to carry off the deposits in the privy when not obstructed," and in such case no nuisance exists. There being no covenant in the lease binding the landlord to repair, he was not chargeable because of accidental obstructions. The nuisance, when it existed, was therefore caused not by any inherent and permanent defect, but by the negligent mode of use by the tenant, and in such case the landlord out of possession is not liable to the plaintiff in this action, and the judgment was right: Jackson & Gross's Land. and Ten. p. 516, § 4 ; Russell *v.* Rush, 2 Pittsb. Rep. 134 ; Batterman *v.* Finn, 32 How. Pr. Rep. 501 ; Kastor *v.* Newhouse, 4 E. D. Smith, 20 ; Somers's Appeal, 6 W. N. C. 441.

Mr. Justice GORDON delivered the opinion of the court, October 6, 1884.

We have no special fault to find with the law as held, in this case, in the court below, but its application to the facts as found by the jury does not meet with our approval. We do not doubt but that, in the absence of an agreement to repair, the landlord is not liable to a third party for a nuisance resulting from dilapidation in the leasehold premises whilst in the possession of a tenant. To make the lessor so liable the defect must be one that arises necessarily from a continuance of the use of the property as it was when the tenant took possession of it. But the converse of this proposition is also true ; if the premises are so constructed, or in such a condi-

[Knauss v. Brua.]

tion, that the continuance of their use by the tenant must result in a nuisance to a third person, and a nuisance does so result, the landlord is liable.

There being then no dispute as to the legal principles which must govern a case of this kind, we need not trouble ourselves with the citation of, or comment on, authorities about which there can be no controversy, but turn rather to the special verdict, in order to ascertain the rectitude of the conclusion of the court below. That verdict was put into the shape of questions and answers, and reads as follows :

"1883, December 21st, the jury do say that they find in favor of the plaintiff for $200 damages on the first count, and one dollar damages on the second count—together the sum of two hundred and one dollars ($201), and the jury answer the questions submitted to them by the court as follows: (1) Did the nuisance exist at any time between December, 1881, and January 19th, 1882, that is, between the time at which the defendant bargained for the property and the time when he leased it to Blickenderfer? Answer—Yes. (2) Did it exist between January 19th, 1882, and April 1st, 1882, viz.: between the time when the lease was made and the time when Blickenderfer went into possession? Answer—Yes. (3) Did it exist between April 1st, 1882, and July 1st, 1882, viz: between the time at which Blickenderfer went into possession and the date when suit was brought? Answer—Yes. (4) Was the sewer large enough to carry off the deposits in the privy when not obstructed? You will say from the evidence whether that was so or not. That is a question of fact. Answer—Yes. (5) What caused the nuisance? Was it defective construction or condition of the sewer, or obstructions in the sewer? If obstructions, were they put in before March 19th, 1882, between that date and April 1st, 1882, or after that date? Answer—The condition of the privy pit before it was repaired, and the obstructions in the sewer, which in the opinion of the jury has not sufficient fall to be very efficient. In the opinion of the jury, the obstructions were put in the sewer prior to March 19th, 1882, but at what precise time we cannot determine."

Now, of course, we are held, as was the court below, strictly to the facts as found in the special verdict; our inquiry must be confined to their purport. Is there, then, anything in them which tends to excuse the defendant from the results of the nuisance complained of? It was in existence before Blickenderfer, the lessee, went into possession, and it was not his business, unless for his own convenience, to remove it. Whether he might have called upon his landlord or not to put the sewer into a proper condition for use, is not the

question, for that was a matter for themselves, and not one that interested third persons. But that, as to such third persons, the tenant was not obliged to abate a nuisance created by his landlord is a proposition too plain for discussion. If Blickenderfer contributed to the nuisance by a use of the vault and drain, he would no doubt be liable, but that would not relieve Brua from his responsibility to see that his property, before it passed out of his possession, was in such a condition that its use would not be injurious to his neighbor. The jury have found that, not only were there obstructions in the sewer prior to the date of the tenant's possession, but that there was also such a defect in the construction of it as to render it inefficient for the purpose intended. But for a defect of this kind, which required not repair but reconstruction, even as between the tenant and landlord, the former could not be held; therefore, on all authority, the damages resulting from this default must fall on the latter. Without, however, putting any special stress upon this part of the verdict, we are inclined to think that a lessor cannot, merely by leasing his premises, avoid the consequences of the continuance of a nuisance which before such leasing it was his duty to abate.

> The judgment of the court below is now reversed, and it is ordered that judgment be entered for the plaintiff for the full amount of the verdict ($201), with costs.