## Fow *versus* Roberts.

1. An owner of a house who leases it to a tenant with a cesspool so situated and constructed on the premises that its lawful use by the tenant must necessarily result in a nuisance to the occupants of an adjoining house is liable in damages to the latter for such nuisance.

2. The facts in this case held to bring it within the above stated rule.

3. The tenant in such case, whose acts produced the nuisance, would also be liable for the result.

January 23d, 1885. Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK JJ. GORDON, J., absent.

ERROR to the Court of Common Pleas, No. 2, of *Philadelphia county:* Of July Term, 1884, No. 17.

Case, by George Fow against Elizabeth Roberts. On the trial, before MITCHELL, J., the following facts appeared: The plaintiff owned and occupied the house No. 1133 Marlborough Street, in the city of Philadelphia. Immediately adjoining on the north are certain premises owned by defendant, and leased to certain tenants. On said premises of defendant are erected three houses, the first, on the corner Girard Avenue and Marlborough Street; the second, on Girard Avenue, immediately adjoining; the third house adjoined this property on Girard Avenue. There was an alley-way running between the first stories of these last two properties, from Girard Avenue up to the yard of these houses. In the said yard there was a privy and cesspool for the accommodation of those who occupied all said houses, located very near the plaintiff's house. In the spring and summer of 1881, and at other times, the filth and water from said privy ate their way through plaintiff's wall

and settled in his cellar, rendering his house unfit for habitation, injuring the paper and paint, and making his family sick.

Plaintiff testified, inter alia, as follows:—

" Mrs. Roberts did not live in the house. It was rented out. Mr. Teller did, I think. That cesspool has been there for years. There is a distance between the wall and the cesspool, I should judge, about a foot. I know as soon as it came up to the surface of the cellar it came in. When Mr. Roberts lived he always tried to keep it down. I think the cesspool was there when I bought my house. . . . . . When they emptied the cesspool the nuisance ceased, but when it filled up again I got the whole of it."

An ordinance of the city of Philadelphia, passed after this well had been built, prohibited the construction or maintenance of a cesspool within two feet of the line of any adjoining lot.

Defendant moved for a nonsuit, which was granted by the court, on the grounds : (1) That the evidence showed that the alleged nuisance was caused by the mode of use of the cesspool, and not by its construction; and (2) That defendant has not been in possession nor control of the property during any of the time complained of, but the use from which the alleged nuisance arose was under the exclusive control of tenants. Whereupon plaintiff sued out this writ assigning for error the entry of the nonsuit and a subsequent refusal to take it off.

*John H. Fow* and *Edward A. Anderson*, for the plaintiff in error.—Privies are *prima facie* nuisances, and the owner of a tenement, who has erected, or who maintains upon his land a privy, the contents of which flow upon the land, or into the house of his neighbor, is liable for the damage which it occasions, whether the tenement be in his own possession or that of his tenant: Wood on Nuisances, 2 ed. p. 664; Hodgkinson *v.* Ennor, 4 Best & Smith, Q. B., 228–241; Jacobs *v.* Worrell, 15 Leg. Int., 139.

*Bradbury Bedell* and *Fred'k B. Vogel*, for defendant in error.—The privy complained of was not a nuisance *per se ;* it was not a nuisance at the time of the demise to the present tenants in 1879, but became so solely through the abuse of it by the tenants in 1881 and 1882. If the defendant had demised the premises with an existing nuisance thereon, or had been a party in the creation of it, there might be a question as to her responsibility for the continuance of that nuisance during the term. But that she certainly is not responsible for a nuisance created and continued on the premises by the tenant, who has the entire possession and control of the prop-

erty, even though such nuisance is a probable consequence of the use of the land as demised, has long been settled both in England and this Commonwealth: Rich v. Basterfield, 4 C. B. 783; Cheetham v. Hamson, 4 Term Rep., 318; Bears v. Ambler, 9 Barr, 193; Grier v. Sampson, 3 Cas., 186; Addison on Torts (Wood's ed.,) p. 247; Cooley on Torts, pp. 609, 610; Wharton on Negligence, § 817; Shearman & Redfield on Negligence, §§ 56, 501: City of Lowell v. Spaulding, 4 Cush., 277; Fisher v. Thirkell, 21 Michigan, 1; Swords v. Edgar, 59 N. Y. 28.

Mr. Justice PAXSON delivered the opinion of the court, March 9th, 1885.

It needs but a cursory examination of the evidence in this case to see that the privy well complained of was a nuisance of the most offensive character. It was situated but one foot from the line which divided the property of the plaintiff from that of the defendant, and when filled to a certain point the filthy matter percolated through the wall into plaintiff's cellar. Indeed, there appears to have been little dispute at the trial below either as to the existence of the nuisance or its character; the main question was who was liable therefor, the tenant in possession or the landlord who had demised the premises with the privy located as above described.

The suit was against the landlord for maintaining the nuisance; the court below nonsuited the plaintiff upon the ground that the tenant was alone liable.

The defendant contended that the well was not *per se* a nuisance; that when she leased the property to the present tenants in 1879 no complaint had been made of the well, and that it had become a nuisance by the manner of its use by the tenants; that they had allowed it to be used by two or three families, and had neglected to have it cleaned at the proper time.

The law upon this subject was correctly stated in the recent case of Knauss v. Brua, decided at the last term in the Middle District, (11 Out. 85) where it was said by our brother GORDON: "We do not doubt but that, in the absence of an agreement to repair, the landlord is not liable to a third party for a nuisance resulting from dilapidation in the leasehold premises whilst in the possession of a tenant. To make the lessor so liable the effect must be one that arises necessarily from a continuance of the use of the property as it was when the tenant took possession of it. But the converse of this proposition is also true; if the premises are so constructed, or in such a condition, that the continuance of their use by the tenant must result in a nuisance to a third person, and a nuisance does so result, the landlord is liable."

Applying this principle to the case in hand, it is too clear for argument that the tenant would be responsible to the plaintiff for the flow of the offensive matter upon the premises of the latter. He is responsible for the reason that the act complained of is his. The filth was deposited there by himself, his family, or by others whom he permitted to use the privy.

Is the landlord also liable? We are not considering any question of liability for repairs as between landlord and tenant. It does not arise necessarily in the case. But if the landlord constructed or maintained this privy in such a position as regards his neighbor's property that its use would result in a nuisance to the latter, and demised it to a tenant, we are of opinion that he is responsible for the consequences of its use. The privy, as before stated, was within one foot of the plaintiff's cellar wall. A property owner who so locates a privy on his premises ought to know that it may and probably will become a nuisance. To build a cesspool now within two feet of the line of any adjoining lot would be a violation of a city ordinance; and it is a violation of said ordinance to maintain a cesspool within said limits. The reason for this wise municipal regulation undoubtedly is that cesspools so constructed are nuisances, and endanger not only the comfort but the health of citizens.

The defendant having demised the premises in question to a tenant with a cesspool so situated thereon that its use must necessarily result in a nuisance to the plaintiff, we are of opinion that she is liable to the plaintiff. It was urged, however, that it was only for the manner of its use that the well became a nuisance. We fail to see the force of this reasoning. The cesspool was used for the very purpose for which it was constructed, and the tenant had the right to so use it. We cannot measure the extent to which a cesspool may be lawfully used. Its lawful use in this case resulted in a nuisance to the plaintiff; the defendant demised the premises with the cesspool so located that it would naturally produce such a result, and for this result we must hold her to be liable.

The judgment is reversed and a procedendo awarded.