# New Castle, Appellant, v. Kurtz.

*Negligence—Municipality—Sidewalk—Subrogation—Notice—Tenant.*

The principle underlying the right of a municipality to be reimbursed for damages paid by it, by the abutting owner in front of whose property the accident took place, is that the owner is primarily liable to the person injured.

Owners of property out of possession, with pavements in proper repair and properties properly constructed and also in proper repair, are not bound to keep watch and guard over the pavements, to prevent the formation of ridges of ice upon them and cannot be held liable for an injury consequent upon a sudden accumulation of ice in front of the property.

An owner of premises located in a city and in the occupancy of a tenant, is not liable to the municipality for the amount of a verdict recovered against it for personal injuries caused by a fall on an icy ridge on the sidewalk in front of the premises, where it appears that the sidewalk was in a

good condition of repair, that the owner had no notice of its icy condition, that the city had actual notice of its condition and failed to remove the ice, and that the dangerous condition was due to unusual weather conditions.

MESTREZAT and POTTER, JJ., dissent.

Argued Oct. 18, 1904.    Appeal, No. 157, Oct. T., 1904, by plaintiff, from judgment of C. P. Lawrence Co., March T., 1902, No. 74, on verdict for defendant in case of City of New Castle v. Julia Maria Kurtz and Mary E. Clark et al.    Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.    Affirmed.

Trespass to recover the amount of a verdict rendered against plaintiff in an action for personal injuries.    Before WALLACE, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for defendants by instruction of the court.    Judgment was entered on the verdict.

*Error assigned* was in directing a verdict for defendants.

*James A. Gardner*, city solicitor, with him *Robert K. Aiken*, for appellant.—The primary duty of keeping the sidewalk in repair is upon the abutting property owner: Lohr v. Philipsburg Boro., 156 Pa. 246 ; Duncan v. Philadelphia, 173 Pa. 550 ; Pittsburg v. Fay, 8 Pa. Superior Ct. 269 ; Pittsburg v. Daly, 5 Pa. Superior Ct. 528 ; Mintzer v. Greenough, 192 Pa. 137 ; Dutton v. Lansdowne Boro., 198 Pa. 563.

Where a municipality has been sued and paid a judgment for injuries sustained either by a defective sidewalk, or by reason of a nuisance caused or maintained by the property owner, recovery over can be had by the municipality against the property owner, and this without any previous notice to the property owner of the existence of the nuisance, or to remove or abate the same, or remedy the defect, as he must know it or as he is presumed to know it: Brookville Boro. v. Arthurs, 130 Pa. 501; s. c. 152 Pa. 334; Chester v. Bank, 9 Pa. Superior Ct. 517; Minzter v. Greenough, 192 Pa. 137; Dutton v. Lansdowne Boro., 198 Pa. 563; Reading v. Reiner, 167 Pa. 41; Brown v. White, 202 Pa. 297 ; Kirchner v. Smith, 207 Pa. 431 ; Dickson v. Hollister, 123 Pa. 421 ; Gates v. Penna. R. R. Co.,

150 Pa. 50; Philadelphia Co. v. Traction Co., 165 Pa. 456; Leahan v. Cochran, 178 Mass. 566 (60 N. E. Repr. 382); Lowell v. Short, 58 Mass. 275; West Boylston v. Mason, 102 Mass. 341; Westfield v. Mayo, 122 Mass. 100; Chicago v. Robbins, 67 U. S. 418; 2 Dillon, Munc. Corp., secs. 1032, 1033, 1034, 1035.

It is not necessary to give the author of a nuisance, or to those whose wilful or negligent act caused the nuisance, a notice of the existence thereof. The nuisance in this case was occasioned by the construction of the conductors, without any provision being made to carry the water across or under the sidewalk and is a continual nuisance of which the defendants had notice: Gates v. Penna. R. R. Co., 150 Pa. 50; Fowler v. Jersey Shore Boro., 17 Pa. Superior Ct. 366; Reading v. Reiner, 167 Pa. 41.

The casting of the water from the roofs of the buildings, through a large conductor, out upon the sidewalk, there to freeze in a ridge of ice, without making any provision to carry the same away, was clearly a nuisance: Brown v. White, 202 Pa. 297; Reedy v. St. Louis Brewing Assn., 53 L. R. A. 805.

The landowner is not relieved from liability when he leases his premises having a nuisance thereon, and, therefore, the defendants were liable; and this is the case in some instances, when the tenant might also be liable: Reading v. Reiner, 167 Pa. 41; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLean, 134 Pa. 334; Brown v. White, 202 Pa. 297; Kirchner v. Smith, 207 Pa. 431; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Reedy v. St. Louis Brewing Assn., 53 L. R. A. 805; 2 Shear. & Red. Neg., sec. 709.

*S. W. Dana*, with him *D. B. Kurtz, Aaron L. Hazen, Oscar L. Jackson* and *Richard F. Dana*, for appellees.—There was no negligence on the part of defendants for which Dean could have recovered against them and consequently the city can have no recourse over upon them: Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550; Chicago v. Robbins, 67 U. S. 418; City of Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475, 486; Inhabitants of Lowell v. Boston, etc., R. R. Co., 40 Mass. 24, 34; City of Rochester v. Campbell, 123 N. Y. 405 (25 N. E. Repr. 937); Moore v. Gadsden, 93 N. Y. 12.

In this case, the owners being out of possession, the premises being in the possession of their respective tenants, and the landlords being under no obligation by contract to keep the sidewalk in repair, the owners would not be liable to persons who might be injured by defects arising in the sidewalk for want of repairs while so in possession of the tenants : Bears v. Ambler, 9 Pa. 193 ; Early v. Ashworth, 15 W. N. C. 142; Towt v. Philadelphia, 173 Pa. 314 ; Grier v. Sampson, 27 Pa. 183 ; Lohr v. Philipsburg Boro., 156 Pa. 246 ; Duncan v. Philadelphia, 173 Pa. 550; Mintzer v. Greenough, 192 Pa. 137; Pittsburg v. Fay, 8 Pa. Superior Ct. 269; Pittsburg v. Daly, 5 Pa. Superior Ct. 528.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904:

This was an action by the appellant to recover from the appellees the amount of a verdict that it was by suit compelled to pay to a person who had been injured by a fall caused by a ridge of ice formed in front of and upon the pavement of the properties owned by the appellees and occupied by tenants. The liability of the appellant in that action sprang from the actual notice to it, of the dangerous condition of the ice upon the pavement and after such notice its neglect to remove it. The proof there was that its street commissioner had express notice of the ridge of ice that caused the accident and its dangerous character. Having such notice and having failed to perform its duty and having been mulcted in damages for such failure of duty, appellant now seeks to recover the amount of such damages from appellees, who had no notice or knowledge of the condition of the ice on the pavement and whose properties were in the occupancy of tenants.

The principle underlying the right to be reimbursed for damages paid by a municipality in cases of accident is that the owner or occupier of the property, as the case may be, is primarily liable to the person injured. The right of subrogation springs from that liability. The primary liability in that case was upon the appellant. It assumed the duty of removing the ice. By its ordinance it required owners, tenants or occupiers of properties to remove the ice in front of the same before ten o'clock of the next day after its accumulation and failing to do so to be liable to a fine, and in case the owner or

occupier did not remove when so required, it undertook to do so. The appellant having undertaken that duty had express notice of the condition of the ice and the necessity for its removal. Thus its negligence arose directly from its failure to perform it. It now practically seeks to have a right of subrogation for the repayment of the damages which were the direct consequence of its own negligence. It is an attempt therefore to make a wrong and not a right, the basis of such subrogation.

In Smith's Public Corporations, volume 2, section 1305, it is said:

" But when a charter imposes upon lot owners the duty of keeping the sidewalk in repair, and free from snow or ice or other obstructions, and also provides that the superintendent of streets should repair any sidewalk where the owner of the property neglected to repair the same for a fixed number of days after the service upon him of a written notice so to do, and that the superintendent should collect the expense of such repair from the owner of the property, it only imposes upon the owner a statutory liability for the expense of such repairs. It does not directly and specifically make him liable for any damages in case of personal injuries to persons from a failure to keep such sidewalks in repair and the municipality, though it may in an action be held liable to the person injured and pay the same, cannot maintain the action against the lot owner for indemnity." He there cites numerous authorities to sustain the above.

The failure of the appellant to remove the ice ridge in question with notice of its dangerous condition or to give notice to the tenants to remove it promptly, or in case of their failure, to do so at their expense, negatives an equal liability basis upon which to build a right in equity for subrogation, against the appellees, the owners of the property, not in occupancy, and without the slightest knowledge or information in regard to the condition of the pavement, but in any contingency the right to reimbursement by appellant could only spring from a liability of the appellees, which Dean, who recovered a verdict against the appellant, might have enforced against them. They were the owners of the properties and their tenants were and had been for many years the actual occupiers of them. The ac-

cident was not caused by the bad condition of the pavement or its want of repair, but by a sudden accumulation of ice to which water from the buildings may have contributed. It was an unusual condition produced by the elements and seemed to have had no similar recurrence in a period of many years. Whatever the duties of the tenants to keep the pavements free and clear of ice may have been, the appellees, out of possession, with the pavement in proper repair and the properties properly constructed and also in proper repair, were not bound to keep watch and guard over the pavement to prevent the formation of ridges of ice upon it, and if so they cannot be held liable for an injury consequent upon a sudden accumulation of ice there.

In Lohr v. Philipsburg Borough, 156 Pa. 246, Mr. Justice MITCHELL said :

" In the recent case of Burns v. Bradford City, 137 Pa. 361, our Brother McCOLLUM said : ' A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or neglect, it is. not liable, unless it has express notice, or the defect be so notorious as to be evident to all passers.' " It was accordingly held in that case that although " It is a fact well known to the inhabitants of all our municipalities that sidewalks are liable in the winter to be thrown out of level by the action of the frost " yet the plaintiff .who was injured, very much in the same manner as the present plaintiff was, by the stringers of a plank walk being raised higher on one side than the other, could not recover without proof that the defect was observable by all passers. So here, the proper instruction to the jury should be that the borough was bound to keep a reasonable supervision over the condition of its sidewalks, but it was not liable for negligence unless it had actual notice or knowledge of the defect complained of, or it was so plain to observation and had existed so long a time that officers exercising a reasonable supervision ought to have observed it.

The primary liability on the part of the owner out of occupancy may arise where the injury is the result of negligence springing from a failure to repair a pavement, but where no such condition exists and there is no failure of duty in regard

to any repairs, no negligence can be said to be attributed to him. There was no evidence in this case that the pavement was in a bad condition or out of repairs and none that there was danger by reason of the failure to construct across it a gutter to the street. No such gutters were laid across pavements in the locality and none required. This is apparent from the fact that there was no proper storm gutter in the street to carry off water and especially so in the case of appellees' pavement, as a telegraph pole over a foot in diameter had been erected, under the direction of appellant's engineer, directly opposite the waterspout from appellees' property, which precluded the construction of a small gutter. It is, however, manifest that if even a small gutter had been constructed across the pavement, under the stress of the intense weather which caused the ridge of ice upon the pavement, it would not have successfully operated to prevent such accumulation. It follows then that unless there was a failure of duty on the part of the appellees in the construction of a water pipe as resulted in a nuisance per se, continuing as such, no liability on their part could arise. The conductor or waterspout was constructed at the time of the erection of these houses some twenty years previous was such as was in common use, was proper and necessary to remove water from the roof of the houses, and was so recognized. As its construction was proper and as it was used for a necessary purpose and as it was not out of repair it was not a nuisance per se and the fact that a severe storm at some remote period of time might possibly cause an unusual flow of water, would not necessarily make it so.

There is no evidence that any such flow ever previously made any mischief. Such being the case there was no such failure of duty on the part of appellees as to be the foundation of any liability.

The case of Brown v. White, 202 Pa. 297, was a case in which the construction was a nuisance per se and the owner's liability was placed distinctly upon that ground and Mr. Justice MESTREZAT, quoting from the case of Knauss v. Brua, 107 Pa. 85, says:

" But the converse of this proposition is also true ; if the premises are so constructed, or in such a condition, that the continuance of their use by the tenant must result in a nui-

sance to a third person, and a nuisance does so result, the land-lord is liable."

The learned trial judge was not guilty of error in giving binding instructions for the appellees and this judgment is affirmed.

MESTREZAT and POTTER, JJ., dissent.