# Kane v. Lauer, Appellant.

*Landlord and tenant—Negligence—Baseball park—Fall of grandstand.*

Where the owner of a baseball park leased it to an amusement company with knowledge that it was to be used for public amusement purposes, and two months after the lease was executed the grandstand collapses with resulting injury to persons, the landlord will be liable, where the evidence tends to show that some of the timbers of the stand had become decayed, and that the landlord knew this, or should have

known it by the exercise of reasonable diligence, at the time he executed the lease. In such a case the landlord's liability to the person injured is not shifted because of a covenant in the lease by which the tenants were to maintain the premises in good repair.

Argued Nov. 13, 1912. Appeal, No. 226, Oct. T., 1912, by defendant, from judgment of C. P. Berks Co., Sept. T., 1911, No. 23, on verdict for plaintiff in case of Anna F. Kane v. Frank P. Lauer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, P. J.

At the trial it appeared that on July 4, 1911, plaintiff, a young woman, was injured by a collapse of the grandstand of the Reading Baseball Association, where she was present at a baseball game.

The evidence tended to show that the fall of the stand was due to the decayed condition of certain upright timbers, and that the defendant knew or should have known of this condition of the stand at the time he leased the stand to the association. It appeared that the lease was executed on May 22, 1911, and that it contained a covenant on the part of the tenant to maintain the premises in good repair. The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $150. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Cyrus G. Derr*, with him *H. P. Keiser*, for appellant.— Where real property has been leased by the owner to a tenant, who is in actual possession thereof, such tenant and not the landlord is presumptively liable for injury to third persons resulting during such occupancy from disrepair of the property: Bears v. Ambler, 9 Pa. 193; Cunningham v. Rogers, 225 Pa. 132.

*C. H. Ruhl,* with him *Dumn & Schaeffer,* for appellee, cited: McLaughlin v. Kelly, 230 Pa. 251; Godley v. Hagerty, 20 Pa. 387; Kirchner v. Smith, 207 Pa. 431; Wunder v. McLean, 134 Pa. 334; Brown v. White, 202 Pa. 297; Knauss v. Brua, 107 Pa. 85.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff was injured by the collapse of a grandstand at a baseball park owned by the defendant. The evidence offered in support of the action tended to show that some of the upright timbers supporting the structure had become decayed and unfit for the purpose and that the stand fell because of that condition. The defendant while denying that the accident occurred because of the rotten condition of the upright supports contends that he is not liable for the consequences of the accident because of the fact that the park was leased by him to an amusement company and that the latter is alone responsible if there be liability anywhere. The defendant leased the premises to George Cockill and others on May 22, 1911, for a term of two years. The lease contained a covenant that the lessees would maintain in good repair the grandstand, bleachers and building and fences on the premises. The position taken by the appellant is that the grandstand was properly constructed by a former tenant; that it came to the appellant on a reversion of the property to him at the termination of the lease; that he never used it himself and that when he again leased he bound the tenants to assume responsibility for the condition of the structure by placing on them an obligation to repair; that the defect was curable by ordinary repair and that the landlord neither assumed, nor was chargeable with, liability for injuries resulting from the neglect of the tenants to make the necessary repairs and put the structure in fit condition for the use for which it was intended. He concedes that if the defect were one of original construction of which the landlord knew or of which he should have known, his liability would continue after the lease

because the correction of such a defect could not be said to be repair, but reconstruction rather, and that there is no implication that a tenant should reconstruct nor would a covenant on his part to repair include reconstruction. It is also conceded that where the buildings though properly constructed had become a nuisance and therefore dangerous to others the landlord could not divest himself of liability by leasing to a tenant. This much must be admitted, for the law is well settled that where an owner leases premises which are a nuisance and receives rent, then whether in or out of possession he is liable if he knew or with the exercise of reasonable diligence could have known of its condition. This is the doctrine of the common law as held in Rich v. Basterfield, 56 E. C. L. 784. The same principle is announced in House v. Metcalf, 27 Conn. 631; Lusk v. Peck, 116 N. Y. Supp. 1051; Swords v. Edgar, 59 N. Y. 28; Campbell v. Portland Sugar Co., 62 Me. 552. In this state Godley v. Hagerty, 20 Pa. 387; Knauss v. Brua, 107 Pa. 85; Wunder v. McLean, 134 Pa. 334; and Cunningham v. Rogers, 225 Pa. 132, establish the same rule. In the case last cited it is said: "The general principle is undisputed that when a landlord lets premises in a dangerous condition, he is liable for the consequences which may result from the condition he permitted to exist." He is not relieved from responsibility merely by the fact that the tenant is in exclusive possession of the premises. If the defect in the building existed when the lease was made and he knew it or could have known it in the exercise of due care it was his duty to make the necessary reconstruction to render the place safe for the people who were to occupy it and this could have been done before the tenants went into possession. It is contended further that the action cannot be maintained because of the clause in the lease obligating the tenants to maintain in good repair the buildings and fences on the premises. This is an agreement establishing a relation between the parties to the contract but does not operate to relieve the lessor from a duty resting on him when

the contract was executed.   Whatever may be the rights
or liabilities of the parties to the lease between them-
selves, the responsibility of the landlord for a dangerous
condition of the demised premises at the time the tenants
took possession is not shifted by the undertaking of the
tenants to make repairs so far as the rights of a stranger
to the contract are concerned who was rightfully on the
premises and was injured because of the failure to remove
such dangerous condition.   Numerous authorities support
this view of the case as does also the logic of the facts:
Campbell v. Portland Sugar Co., 62 Me. 552; Lusk v. Peck,
116 N. Y. Supp. 1051; Swords v. Edgar, 59 N. Y. 28; God-
ley v. Hagerty, 20 Pa. 387; Sherman & Redfield on Negli-
gence, sec. 709a.   Assuming that the defect was known or
could have been known by the exercise of ordinary dili-
gence and care, it was in the power of the landlord to put
the property in condition for the uses for which it was
intended and his failure so to do would render him respon-
sible to strangers to the contract who are injured as the re-
sult of such neglect.   What was the condition of the grand-
stand at the time the tenants took possession was, of
course, a question of fact.   The defendant knew what use
was to be made of the property and, indeed, had bound the
tenants to use it in a particular way.   The rent provided
for was to be derived from the patronage which the public
gave to the exhibitions to be held there, and the landlord
was directly responsible, therefore, for the use to which the
building was applied and is presumed to have anticipated
that it would be filled from time to time by spectators
of the games.   If, with this knowledge he let the premises
in a dangerous condition he was maintaining a nuisance
for which he was liable.   Responsibility exists as well
for a condition existing at the time of the lease as for
a defect in original construction even though the condition
complained of had its beginning after the structure was
completed: Knauss v. Brua, 107 Pa. 85; Fow v. Roberts,
108 Pa. 489; Kirchner v. Smith, 207 Pa. 431.   It is urged
that the grandstand was not a nuisance at the time it

was leased because it was located at a distance from the public highway; that it was not then in use and no one was invited to enter it; that it could only become a nuisance or a menace when people entered it by invitation and that as this use was only to be made by the tenants in the prosecution of their business the liability was on them and not on the landlord. But the responsibility of the landlord relates not only to a condition which is a nuisance when the lease is granted but to conditions which must in the nature of things become dangerous when the thing is used: Rich v. Basterfield, 56 E. C. L. 784; Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489. If a landlord rent a building which is in a condition dangerous for occupancy with the intention that it be occupied and its use is in conformity with that intention he becomes responsible for injuries resulting from that condition. As the tenants were required by the lease to use the property for the entertainment of the public the landlord participated in inviting the spectators to witness the games and it was his duty to exercise reasonable care to the end that those who occupied his building should not be subjected to peril from a condition existing at the time the tenants were put in possession. The court charged the jury in language not to be misunderstood that if the decayed condition of the beams or upright supports alleged to have been the cause of the accident did not exist at the time the lease was made but came into existence between that date and the time when the grandstand collapsed the defendant would not be liable in the action, but that if the defects were there when the term was granted to the tenants and continued to the time of the accident and were the cause thereof and if they were such as could have been discovered and remedied by a man of ordinary prudence in the exercise of due care, then the defendant was responsible and that the fact of the occupancy of the premises by the tenant under the lease did not relieve the defendant from such liability. This instruction was in accordance with the law as will appear

by reference to the authorities cited and others on the same subject. The case therefore turned on the question of fact as to the condition of the grandstand before the lease was made and the knowledge or means of knowledge which the owner had with reference to its condition. The evidence was somewhat conflicting on this subject, but the jury accepted the statements of the plaintiff's witnesses; and with that conclusion we have nothing to do for there was evidence which necessarily carried the case to the jury. The lease was executed on May 22, 1911, and the accident occurred on July 4, following. The jury alone could say whether the rotten condition of the posts shown by some of the plaintiff's witnesses had developed after the tenants took possession. The learned counsel for the appellant has presented an able argument in support of the position taken, but we are not convinced that the court erred in the instructions complained of.

The judgment is affirmed.