# Ehinger, Appellant, _v_. Bahl.

_Landlord and tenant—Agreement to repair—Contract._

Where a tenant in possession under a parol lease from month to month notifies his landlord of a serious crack in the wall of the leased building, and states that he will move out if it is not immediately repaired, and the landlord promises to make the repairs at once, but fails to do so, and a few days afterwards the building falls and injures the tenant's stock and furniture, the tenant has a right of action against the landlord, and his measure of damages is his loss consequent on the landlord's failure to make the repairs.

Argued Jan. 5, 1904.   Appeal, No. 148, Jan. T., 1903, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1902, No. 2448, refusing to take off nonsuit in case of Herman Ehinger _v_. Sarah W. Bahl.   Before Mitchell, C. J., Dean, Fell, Brown, Mestrezat, Potter and Thompson, JJ.   Reversed.

Assumpsit for breach of an agreement by a landlord to make repairs.

The facts are stated in the opinion of the Supreme Court.

_Error assigned_ was order of the court refusing to take off nonsuit.

_Frederick H. Warner_, with him _Arthur B. Houseman_, for appellant.—As the repairs necessary to put the premises in question in tenantable condition were of so substantial a nature that the tenant could not have been called upon to make them, he had a right to rescind his lease; his agreement not to do so was a consideration of the lessor's promise to repair: Brolasky v. Loth, 5 Phila. 81.

It would not seem necessary, however, that a tenant should have an immediate right to terminate his tenancy in order to render his agreement to remain a consideration for a lessor's promise to repair: Rauth v. Davenport, 60 Hun, 70 (14 N. Y. Supp. 69); Caldwell v. Heitshu, 9 W. & S. 51; Patterson v. Graham, 164 Pa. 234.

Where there is a promise by the lessor to repair, the action is assumpsit: Tuttle v. Gilbert Mfg. Co., 145 Mass. 169 (13 N.

E. Repr. 465); Rauth v. Davenport, 60 Hun, 70 (14 N. Y. Supp. 69); Caulk v. Everly, 6 Whart. 303; Dunn v. Robbins, 20 N. Y. Supp. 341; Neglia v. Lielouka, 65 N. Y. Supp. 500.

That evidence of the loss sustained by the tenant to his goods and chattels on the premises, and his loss of such profits as can be accurately estimated in his business, together with the cost of obtaining other suitable quarters, is admissible as evidence of his damage: Phillips v. Ehrmann, 8 Misc. Rep. 39 (28 N. Y. Supp. 519); Walter v. Transue, 17 Pa. Superior Ct. 94; Thuemler v. Brown, 18 Pa. Superior Ct. 117; Watson v. Hooton, 4 Ill. App. 294; Mason v. Howes, 81 N. W. Repr. 111.

*Preston K. Erdman,* for appellee.—There was no evidence of any valid contract to repair: Moore v. Weber, 71 Pa. 429; Huber v. Baum, 152 Pa. 626; Hollis v. Brown, 159 Pa. 539; French v. Richards, 6 Phila. 547.

The alleged contract did not contemplate that defendant would, in any case, be responsible for the life, limb, business or property of plaintiff or his family, and the loss of plaintiff's goods and chattels and profits is not within the measure of damage for a breach of defendant's alleged contract to repair: Fairman v. Fluck, 5 Watts, 516; Prescott v. Otterstatter, 79 Pa. 462; Smart v. Allegaert, 8 W. N. C. 217, affirmed 11 W. N. C. 177; Irwin v. Nolde, 176 Pa. 594; Wayne v. Lapp, 180 Pa. 278; Jackson v. Farrell, 6 Pa. Superior Ct. 31; Wood v. Sharpless, 174 Pa. 588; Cook v. Soule, 56 N. Y. 420; Parker v. Meadows, 86 Tenn. 181 (6 S. W. Repr. 49).

OPINION BY MR. JUSTICE DEAN, March 7, 1904:

Ehinger, the plaintiff, was tenant of defendant's premises on the corner of Randolph and Master streets, for about six years, from December, 1896, until the 15th of March, 1902; the contract was by parol, from month to month, at a monthly rental of $16.00, payable in advance. Plaintiff lived with his family in part of the building, and the remainder he used as a meat shop, in which he kept for sale fresh and cured meats. On the 10th of March, 1902, defendant discovered a crack in the outside wall of the building, about two and a half feet from the ground, running from the Master street front along the Ran-

dolph street side to the rear of the building, which caused
him to fear that it would fall; he at once notified defend-
ant's agent. This was Tuesday, March 11. The agent prom-
ised to bring a builder along with him and have it attended to
the afternoon of the same day. He did not keep his promise,
so the next day plaintiff called personally on Mrs. Bahl, the
defendant, and told her of the condition of the wall, and that
he would move out if she did not come and have it fixed right
away; she said he had been her tenant so long that she did not
like to lose him and that she would have the building fixed
right away; he said he would depend on her keeping her
promise. She did not come; no one came. The next day,
Thursday, he again notified the agent and asked him to come,
and he, the agent, said he would come that afternoon and bring
the builder with him. Still no one came. On Saturday, at
two o'clock in the morning, the building fell, causing destruc-
tion of some of defendant's stock and damage to stock and
furniture. The court ruled out the evidence as to the extent
of the damage to stock and furniture, on the ground that that
was not the proper measure of plaintiff's damage. There
being no other evidence, on motion of defendant's counsel, the
court ordered a nonsuit and we have this appeal by plaintiff.

We think the court erred in directing the nonsuit. Without
regard to the obligation of the original contract, there was evi-
dence of a new promise to make repairs on the part of the land-
lord and sufficient to warrant the jury in inferring a new
promise on the part of the tenant to remain. The repairs
necessary were apparently out of the ordinary. Defendant,
conscious that he, his family and goods were in peril unless
these repairs were made immediately, as was his right, threat-
ened to move out, as prudence required him to do. To induce
him to remain the landlord promised to make particular repairs
immediately. The tenant kept his side of the bargain, she did
not keep hers, thereby he sustained damage.

It is argued there was no valid contract to repair. We think
there was a valid contract, and a good consideration for it:
he was induced to remain because she promised to make sub-
stantial, possibly extensive repairs; she secured a desirable
tenant who would have abandoned the property that day if
she had not made the promise; the promise was not to be per-

formed in the indefinite future, but the same day it was made. It is argued there was no promise which bound the tenant. We think there is a reasonable inference of a promise which the jury might have drawn, that he was to remain and pay rent for at least a month longer; for, it should be noted, he was not bound to stay a day at the peril of himself, family and goods, and she promised to relieve him of the peril that very day. The mutual promises, if as alleged, constituted a sufficient consideration; but resting wholly in parol what they were and what the parties meant was for the jury.

The plaintiff's measure of damages is his loss consequent upon her failure to keep her promise. What would be his measure of damages under other circumstances, such as the usual breach of the landlord's covenant to repair, pay taxes and such like, we need not inquire, for this was a special bargain made in view of a special exigency. He remained in hourly peril because she promised to relieve him that very day from danger. What his actual loss was by reason of her broken promise was for the jury. Of course evidence of speculative profits he might have made during the remainder of the month cannot be charged up against her. We will not embarrass a retrial of the case by a discussion of plaintiff's computation of damages, as they will all be the subject of scrutiny in the court below at a retrial. We think the plaintiff, however, has a right to go to the jury on his alleged contract and damages.

The judgment is reversed and procedendo is awarded.