## Cunningham, Appellant, *v.* Rogers.

*Negligence—Landlord and tenant—Liability of landlord—Baseball park—Fall of grand stand.*

1. The landlord of a baseball park is not liable for damages for personal injuries resulting from the fall of the grand stand, where it appears that the stand was owned by the tenant in possession and had been erected by him before the landlord took title, that the tenancy was continued after the change of ownership, that before the original term had expired a new lease was made to the same tenant, and that the latter continued in exclusive possession and management, without the new owner ever having been at any time in actual possession, or ever having the right to possession.

*Appeals—Assignments of error—Evidence.*

2. Assignments of error to the admission of evidence will not be considered where the answers to questions and papers admitted are not set forth in the assignments.

Argued Jan. 21, 1909. Appeal, No. 126, Jan. T., 1908, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1903, No. 1,996, on verdict for defendants in case of George L. Cunningham, by his next friend and mother, Mary E. Cunningham, and Mary E. Cunningham v. John I. Rogers and Alfred J. Reach. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1–4) various rulings on evidence but not setting forth in the assignments the answers to questions or copies of papers admitted; (5, 6) in giving binding instructions for defendants.

*Isaac Hassler,* for appellants.—A landlord is responsible for an injury caused by the condition of the structure, whether

he originally erected it or whether the tenant erected it and then the landlord relet or renewed the lease to him: Kirchner v. Smith, 207 Pa. 431; Brown v. White, 202 Pa. 297; King v. Pedly, 1 A. & E. 822; Gandy v. Jubber, 5 B. & S. 78; Sandford v. Clarke, L. R. 21 Q. B. D. 398; Fleischner. v. Real Estate & Investment Co., 25 Ore. 119 (35 Pac. Repr. 174); Albert v. State, 66 Md. 325 (7 Atl. Repr. 697); Nunnelley v. Southern Iron Co., 94 Tenn. 397 (29 S. W. Repr. 361); Campbell v. Portland Sugar Co., 62 Me. 552; Van Winkle v. American Steam-Boiler Co., 52 N. J. Law, 240 (19 Atl. Repr. 472); Fox v. Buffalo Park, 163 N. Y. 559 (57 N. E. Repr. 1109); Swords v. Edgar, 59 N. Y. 28; Pittsburg v. Grier, 22 Pa. 54; Stewart v. Jermon, 5 Pa. Superior Ct. 609.

*John G. Johnson,* for appellees.—The grand stands involved in this case were trade fixtures erected by the tenant. That the mere grant of a new lease to a tenant in possession does not affect the title to trade fixtures was expressly decided by this court in the recent case of Radey v. McCurdy, 209 Pa. 306.

In Schott v. Harvey, 105 Pa. 222, it was held that a tenant in possession of a building is practically the owner. His control is absolute, and he can determine its uses and how the business shall be conducted.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

This was an action of trespass brought to recover damages for personal injuries sustained by plaintiff, on August 8, 1903, by reason of the fall of a portion of the grand stand at the Philadelphia Ball Park. Plaintiff, a minor, was seated beside his father on the upper row of seats at the back of the stand. A balcony or passageway in their rear, which overhung Fifteenth street, gave way under the weight of the crowd and fell into the street, carrying down with it the rear seats and those seated upon them. The father was killed and the son seriously hurt. This suit was brought by the mother and next friend, on behalf of the plaintiff, and also by the mother in her own right, against John I. Rogers and Alfred

J. Reach, owners of the premises upon which the grand stand was erected, and it was sought to hold them liable in damages for the negligent construction of the grand stand, and its maintenance in an unsafe condition, to which causes the accident was attributed by plaintiff.   Upon the trial the court below directed a verdict for the defendants, upon the ground that the evidence showed that the grand stand belonged to the lessees, and not to the owners of the ground, and also showed that the lessees were in uninterrupted possession of the premises from the date of the erection of the structure that fell, until after it had fallen.   Judgment was entered on the verdict, and plaintiff has appealed.   There are six assignments of error.   The first and second assignments violate rule 31 for the reason that neither of them contains the answer to the question, admitted after objection.   The third and fourth assignments also violate rule 31, for the reason that neither contains copies of the papers offered and admitted in evidence.   The fifth assignment is to the action of the trial judge in directing a verdict for the defendants and raises the question of their liability as owners of the premises.   It appears from the evidence, that on January 4, 1886, Edward D. O'Kane being the owner of a lot of ground situated between Broad and Fifteenth streets, and Huntingdon street and Lehigh avenue, in the city of Philadelphia, leased the same to the Philadelphia Ball Club, Limited, as a park for the exhibition of games of ball or other athletic sports, for a term of ten years.   The ball club went into possession under the lease, and graded the lot, and put up the fixtures necessary to fit it for a ball park.   On January 11, 1886, Edward D. O'Kane conveyed the title to the premises to John I. Rogers and Alfred J. Reach, the defendants.   The record does not show an assignment of the lease to Rogers and Reach, but the ball club continued as tenants, and, on December 31, 1891, Rogers and Reach indorsed on the lease an agreement to renew for an additional term of ten years from January 1, 1896, on the same terms and conditions. On August 4, 1894, all the improvements on the ground were destroyed by fire, and new buildings, including the grand

stand where the accident in question occurred, were erected and paid for by the lessees, the Philadelphia Ball Club, Limited. These buildings were insured by the lessees in their own name and subsequently they claimed from the city, damages to the buildings alleged to have been sustained by change of grade. On February 28, 1903, when the original lease had still nearly three years to run under its renewal, Rogers and Reach made a new lease to the Philadelphia Ball Club, Limited, for a term of three years from January 1, 1903, with the privilege of renewal for ten years longer, and under this lease the ball club were in possession at the date of the accident. It appears that Rogers and Reach, the defendants, were never in actual possession of the premises from the time of the original conveyance to them by O'Kane, to the date of the accident. The defense upon which they relied, was that as individuals they had no interest in, or ownership of the grand stand, which broke down, and were in no way responsible for its condition. They were the owners of the ground, but the stands were erected, and maintained, by the Philadelphia Ball Club, Limited. It would seem, therefore, that suit should have been brought against the tenant, and not against the landlord. The general principle is undisputed, that when a landlord lets premises in a dangerous condition, he is liable for the consequences which may result from the condition he permitted to exist. But in the case at bar, the original lease was of a vacant lot, and the tenant erected the structure alleged to be dangerous.

Although a new lease was made in February, 1903, the owners were never in actual possession of the ground, and there is no evidence that the ownership of the improvements passed to them.

When the new lease was made, the original one had nearly three years to run. The landlord therefore had not at that time power, by giving notice, to regain possession of the premises. The new lease was simply substituted for the old one, covering its unexpired term, and there was no time prior to the accident when the lessors were actually in possession, or could lawfully have taken possession.

.This fact, and the additional fact above noted, that the improvements were not the property of the lessors, distinguishes the present case from those cited by the appellant, in which the improvements belonged to the owners of the ground, and where there was a reletting of the premises, after dangerous conditions had arisen. The claim of the plaintiff in this case is based upon the alleged ownership by the defendants of the structure which fell, but no sufficient evidence in support of this claim was offered.

"As regards the liability of landlords to third persons, it may be taken as a general rule that the tenant and not the landlord is liable to third persons for accident or injury occasioned to them by the premises being in a dangerous condition, and the only exceptions to this rule appear to arise where the landlord has either (1) contracted with the tenant to repair, or (2) when he has let the premises in a ruinous condition, or (3) when he has expressly licensed the tenant to do acts amounting to a nuisance:" 2 Woodfall on Landlord and Tenant (1st Am. ed., 1890), *735.

We see nothing in the evidence in this case, to justify the inference that there was any intention to surrender the premises, when the tenant accepted a new lease, during the term of the former lease, and there is an equal lack of testimony to show that the improvements and grand stands, ever became the property of the landlords. Upon the whole record, it is apparent that the responsibility for the condition of the grand stands in this case, rested upon the tenant. The assignments of error are overruled, and the judgment is affirmed.