# Robinson *v.* Heverin, Appellant.

*Negligence—Defective steps—Landlord and tenant.*

1. A landlord cannot be held liable to a person occupying a house under a lease as a member of the lessee's family, for an injury resulting from a defective condition of the steps leading into the house from the sidewalk, if it appears that the person injured had knowledge of the defective condition before the lease was executed, and that the lessee and his family had used the steps daily from the time they took possession to the time of the accident with knowledge of the defect.

2. For obvious defects existing before the execution of the lease, the landlord is not responsible to one in possession under the lease in the absence of an express covenant on the part of the landlord to repair.

Argued Oct. 5, 1911.  Appeal, No. 1, Oct. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1907, No. 3,503, on verdict for plaintiff in case of Mary Jane Robinson v. Michael J. Heverin.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for the plaintiff for $350.  Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*Hugh McAnany, Jr.,* for appellant.—The steps were a necessary part of the dwelling and passed under the control of the lessee at the time the premises were rented: Kearines v. Cullen, 183 Mass. 298 (67 N. E. Repr. 243).

A tenant can maintain no action for injuries resulting from defects that were obvious at the time the premises were leased, nor can one who occupies the premises by reason of the tenant's request or permission: Phelan v. Fitzpatrick, 188 Mass. 237 (74 N. E. Repr. 326); Morgan v. Sheppard, 47 So. Repr. 147; Moore v. Logan Iron & Steel Co., 3 Sadler, 143; Mahoney v. Philadelphia Rapid Transit Co., 214 Pa. 180; Hahn v. Roach, 7 North. County, 21; McGinn v. French, 107 Wis. 54 (82 N. W. Repr. 724).

*Louis Goodfriend,* for appellee.—All the authorities hold that the landlord is responsible to the injured person for injuries sustained in consequence of a defect in the premises existing at the time of the demise: Kirchner v. Smith, 207 Pa. 431; McLaughlin v. Kelly, 230 Pa. 251; Reading v. Reiner, 167 Pa. 41; Schilling v. Abernethy,

112 Pa. 437; Chrous v. Bldg. & Loan Assn., 214 Pa. 179; Dalay v. Savage, 145 Mass. 38 (12 N. E. Repr. 841); Larue v. Farren Hotel Co., 116 Mass. 67; Timlin v. Standard Oil Co., 126 N. Y. 514 (27 N. E. Repr. 786); Ahern v. Steele, 115 N. Y. 203 (22 N. E. Repr. 193).

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff was a member of the family of John Anderson who leased the property from the defendant. The defect complained of as the cause of the plaintiff's injury was a loose tread on the middle step leading into the house from the sidewalk. The steps were marble, three in number. The tread of the middle step was loose before the property was leased to Anderson and remained so until the plaintiff's injury was received. "It worked out" several times as stated by the wife of the lessee and the daughter of the plaintiff, and she had her husband "several times push it back in its place." The steps were in use by the tenant and the members of his household from about the first of May until the time of the accident and the condition of the steps was known both by the plaintiff and the lessee's wife before the lease was executed. Whether the lessee had the same knowledge before the lease was executed does not appear, but that he knew soon afterward that the step slab was not held fast by its mortar attachment was shown by the plaintiff's evidence. The question presented on the facts is this: Can the landlord be held liable to a person occupying a house under a lease as a member of the lessee's family, for an injury resulting from a defective condition of the steps, the plaintiff having knowledge of the condition before the lease was executed and the tenant and his family having used the steps daily from the time they took possession to the time of the accident with knowledge of the defect. The learned trial judge instructed the jury that if the defect existed before the lease was executed the landlord was liable if the plaintiff was hurt through no contributory negligence of her own. This instruction overlooks the rule that the relation

between the landlord and tenant is one of bargain and sale. The lease constitutes a grant of the property to the tenant for the term subject to the reversion to the landlord when the term is ended. The tenant takes the property as it is, and in the absence of an express covenant to that effect there is no obligation on the part of the landlord to repair. It is a rule of general acceptance that in the absence of express covenants or conditions in the lease there is no implied covenant on the part of the landlord to put the premises in repair or to keep them so, where there is no concealment, misrepresentation or other fraud. The rule caveat emptor applies and the tenant takes the property "for better or for worse" as was said by Chief Justice SAVAGE in Mumford v. Brown, 6 Cowen, 475; and this rule is especially applicable where the defects are open to observation: Taylor's Landlord and Tenant, 7th ed., sec. 175a; Wood's Landlord and Tenant, 585; Witty v. Matthews, 52 N. Y. 512; Jaffe v. Harteau, 56 N. Y. 398; Estep v. Estep, 23 Ind. 114; Mellen v. Morrill, 126 Mass. 545; Borggard v. Gale, 295 Ill. 511; Phelan v. Fitzpatrick, 188 Mass. 237; Cowen v. Sunderland, 145 Mass. 363; Kern v. Myll, 80 Mich. 525; Robbins v. Jones, 15 C. B. (N. S.) 221; Clyne v. Helmes, 61 N. J. L. 358; 1 Add. on Torts, par. 140, p. 265; Huber v. Baum, 152 Pa. 626; Clancy v. Byrne, 56 N. Y. 129; Cleves v. Willoughby, 7 Hill, 83; Little v. Macadacas, 29 Mo. App. 332. Where there has been active misrepresentation or a concealment of defects not obvious to inspection a different principle is involved. No one has a right to mislead another to his hurt; nor to engage in conduct with reference to his property of a character to produce injury to others against which they cannot guard by the exercise of ordinary care and attention. If the landlord knows of a defect likely to cause injury—such a defect as would not be disclosed by careful examination by the lessee—it is his duty to make it known. It is not his duty to search for defects nor to mention those which are obvious to the tenant when he examines the premises with reference to a lease. The lia-

bility of a landlord is much more restricted in his relation to his tenants or those occupying under the lease than to the public or to individuals who are strangers to the property and whose rights are affected by conditions existing thereon. He may be liable for a defect in the sidewalk along the street on which his property fronts; as in Reading v. Reiner, 167 Pa. 41; or for a nuisance on the premises not created by the tenant affecting adjoining property owners, as in Knauss v. Brua, 107 Pa. 85; Wunder v. McLean, 134 Pa. 334. Where by reason of defective construction or lack of repair a defect in the sidewalk amounts to a public nuisance or the condition of the premises illegally injures an adjoining owner and these conditions existed at the time the lease was given, a landlord is liable: Reading v. Reiner, 167 Pa. 41. The plaintiff is in no better situation than the lessee for she is a member of his family and therefore occupies the house under the lease: Phelan v. Fitzpatrick, 188 Mass. 237; Clyne v. Helmes, 61 N. J. L. 358; Taylor's L. & T. (7th ed.), sec. 175a; Add. on Tofts, par. 140, p. 265. The lessee was in possession under a written lease and it is not alleged that it contained any covenant for repairs. Evidence was offered that the agent of the landlord told the wife of the lessee that he would repair the steps, but this testimony was properly disregarded by the learned trial judge for it did not appear that the lessee knew of the conversation between the agent and his wife, and if such a statement was made by the agent it was not incorporated into the lease. At least, there is no evidence to that effect. The necessary repair was very slight in character, and the lessee put the slab in place at different times but neglected to fasten it. This indifference of the tenant to the security of the steps contributed to the injury. He and the members of his household could not overlook the reparation necessary and practicable at the trifling outlay of time and money and hold the landlord to serious consequences of such oversight. We regard the rule as so well established that for obvious defects existing before the execution of the lease the land-

lord is not responsible to one in possession under the lease in the absence of an express covenant to repair that we are constrained to hold that the plaintiff is not entitled to recover.

The judgment is reversed.