## Zimmerman et al. *v.* Homer B. & L. Assn., Appellant.

Argued October 18, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Raymond A. White, Jr.,* and with him *Maurice W. Sloan* of *Sloan, White & Sloan,* for appellant.

*Joseph G. Feldman,* and with him *Michael M. Linden,* for appellee.

Opinion by Trexler, P. J., February 1, 1934:

Morris L. Zimmerman leased from Albert M. Greenfield Company, agents, an apartment in Philadelphia on August 24, 1932. The plaintiff and his family moved into it on October 1, 1932. At the time the lease was made the ceiling in the bedroom was in a dilapidated condition having many cracks and part of the plaster being off. The required repairs were made before the plaintiff and his family moved into the apartment and it was "apparently in good condition."

On or about November 1, 1932, plaintiffs noticed cracks appearing in the ceiling, particularly around the chandelier, of the bedroom which they occupied. Zimmerman notified Pillion, the agent in charge, a number of times and he promised to make the repairs. Part of the testimony which the plaintiff gave was to the effect that he called upon Mr. Pillion and told him

as to the condition of affairs and that if he did not repair it, he was going to move, he would not stay there any longer. This happened about the first of November. He called him up on the telephone several times and exacted the promise of repair; quoting his words, "I simply told them it was not satisfactory the place because they had not paid attention to my complaint and I am going to move, that is what I said." "They told me they were going to take care of it, but to continue to live there."

On December 6th, the ceiling fell upon the plaintiff and his wife while they were lying in bed and injured them. A suit in trespass followed and the case was tried by the court without a jury and resulted in a verdict in favor of the plaintiffs. The trial judge found that there was negligence on the part of the defendant resulting from a breach of duty either to repair or if he did repair, in doing the work in a careless, and negligent manner and that the plaintiffs were free of contributory negligence. The promise to make the repairs to the bedroom where the accident occurred was an inducement to the plaintiffs to lease the premises. "When, after the plaintiff moved into the premises and discovering the defective condition of the ceiling, notified Pillion, the defendant's agent, that if the condition there existing was not repaired they would vacate the premises, and Pillion promised the plaintiffs that the defendant would repair it, that promise constituted a new agreement between the landlord and the tenant." (Opinion of the lower court.)

The case is similar to that of Ehinger v. Bahl, 208 Pa. 250. There the plaintiff discovered a crack on the outside wall of the building which had been leased to him by the defendant and he notified the defendant's agent who promised to get a builder and have it attended to the afternoon of the same day, but did not

keep his promise, so the plaintiff informed the owner of the condition of the wall and that he would move out if the landlord did not come and fix it. She then promised to attend to the matter and have it fixed. A few days after that the building fell and caused a destruction of some of defendant's stock and damage to stock and furniture. The lower court nonsuited the plaintiff, but the Supreme Court through Justice DEAN reversed the lower court with a procedendo, stating: "Without regard to the obligation of the original contract, there was evidence of a new promise to make repairs on the part of the landlord and sufficient to warrant the jury in inferring a new promise on the part of the tenant to remain. The repairs necessary were apparently out of the ordinary. Defendant, conscious that he, his family and goods were in peril unless these repairs were made immediately, as was his right, threatened to move out, as prudence required him to do. To induce him to remain the landlord promised to make particular repairs immediately. The tenant kept his side of the bargain, she did not keep hers, thereby he sustained damage."

Applying this fact that there was a new contract, the provisions of the lease requiring all repairs to be made by the tenant is of no binding effect upon the parties, for the agreement to repair the ceiling was a thing apart from the lease. Notwithstanding the people bound themselves with a written contract, they were still sui juris and they could enter into a verbal agreement separate from the old one and such agreement would be binding. Price v. Robbins, 298 Pa. 568; 148 A. 849; Tomlinson v. Wilson, 310 Pa. 41, 164 A. 721.

The judgment is affirmed.