## Davis, Appellant, *v.* Alsop et al.

Argued March 21, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James J. Burns, Jr.,* of *Willmann, Burns & Sack,* for
appellant.

*Harmar D. Denny, Jr.,* and *Burgwin, Scully & Burg-
win,* for appellees, were not heard.

PER CURIAM, April 23, 1934:

Plaintiff appeals from judgment for defendant non ob-
stante veredicto in an action to recover damages for the
death of her husband, who was killed by a fall into an

elevator shaft on premises at 514-16 Seventh Avenue, Pittsburgh, owned by defendants.

The building in which the accident happened was leased for a five-year term beginning May 1, 1926, to the Colvin-Mahood Co., wholesale grocers, who, with their predecessors in business, the Colvin-Atwell Co., had occupied the premises since 1900. On October 20, 1927, plaintiff's husband visited the building at the invitation of the tenant, having in view the leasing of a portion of the property. One of the tenant's employees was delegated to act as his guide and walked with deceased to the freight elevator shaft on the main floor. The elevator was at the time stopped at one of the upper floors. The employee guide raised the safety gate, reached into the shaft for the starting cable, and, while he was so engaged, deceased stepped or fell into the opening and plunged to the bottom of the shaft, receiving injuries resulting in his death.

Appellant contends that if the requirements of city ordinances relating to safety appliances had been observed, the elevator guard gate could not have been raised until the elevator reached the opening; that the owner of the premises was responsible for the condition which made it possible to open the protecting gate at other times, and further, that the owner knew the elevator, constructed as a freight lift, was used to carry passengers between floors.

The court below applied the general rule of law that "occupiers of premises and not landlords out of possession are liable for injuries occurring to third persons coming on the premises [except in those cases where the landlord] has (1) contracted to repair, or (2) let the premises in a ruinous condition, or (3) expressly licensed the tenant to do acts amounting to a nuisance," citing Mitchell v. Sinn, 308 Pa. 1, and held, under the evidence there was no liability on the landlord's part on any of these grounds.

The testimony showed the lift had been installed for freight-carrying purposes, and there was no proof

that its use by tenants as a passenger elevator was with either the knowledge or consent of the owners. There was testimony also that, in 1921, the elevator had been equipped with safety gates on each floor, designed to lock into place, safely closing the shaft when the elevator stopped at any other floor. This work was done by a company which thereafter had charge, for the tenant, of making all necessary adjustments, inspections and repairs to the system. While it appeared that the gates customarily were unlocked even when the elevator was not in use, there was testimony that the locking device could have been made inoperative and the elevator's position changed when stopped by pulling the cable from any floor and causing it to ascend or descend as desired. We find no evidence that the machinery had been tampered with; nor was there satisfactory proof that the locking devices originally placed on the gates, and which had been there on subsequent inspections, were absent when the building was leased to the tenants. Accordingly, the court below properly sustained defendants' motion for judgment in their favor non obstante veredicto.

The judgment is affirmed.