Harris (et ux., Appellant) *v.* Lewistown Trust Company et al.

Argued May 27, 1936; reargued September 29, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Paul S. Lehman,* for appellant.

*Harry L. Siegel,* for appellees.

OPINION BY MR. JUSTICE DREW, March 29, 1937:

This is an action in trespass by Joseph R. Harris, a tenant, under a month to month lease, and Sadie B. Harris, his wife, who was also his employee in a beauty shop maintained by him on the demised premises. Damages are sought for injuries sustained by her as a result of the collapse of a cellar stairway. Named as defendants are the Lewistown Trust Company, individually and as trustee, and the beneficial owners. A verdict was directed against the husband because of his contributory negligence. Judgment *non obstante veredicto* was entered against the wife. She alone has appealed.

Appellant places her principal reliance upon a promise by the agent of the owner to repair. It is conceded such promise was made at the time of the negotiation of the oral lease, and subsequently repeated, and that it was never kept. The accident happened thirteen months after the tenant took possession. The stairway was in an obviously defective and decayed condition. Of this the tenant was fully aware. The wife claimed that she had no knowledge of it; that she had used the stairway

but four times. We assume for the purpose of this appeal that she was not guilty of contributory negligence, although there is evidence that she was. Giving her case the aid of this assumption, we meet directly the question whether or not the owner is liable in tort by reason of this promise.

The general rule in this country, and also in England, is that an agreement to repair does not impose upon the owner a liability in tort at the suit of the tenant or others lawfully on the land in the right of the tenant: *Cavalier v. Pope*, [1905] 2 K. B. 757; *Cavalier v. Pope*, [1906] A. C. 428; *Cameron v. Young*, [1908] A. C. 176; *Jacobson v. Leaventhal*, 128 Me. 424; *Tuttle v. George H. Gilbert Mfg. Co.*, 145 Mass. 169; *Miles v. Janvrin*, 196 Mass. 431; *Carroll v. Intercolonial Club*, 243 Mass. 380; *Kuyk v. Green*, 219 Mich. 423; *Dustin v. Curtis*, 74 N. H. 266; *Cullings v. Goetz*, 256 N. Y. 287; *Davis v. Smith*, 26 R. I. 129; Trickett, Landlord and Tenant, (2d ed.) 726.

Fundamentally this view is based upon the conclusion that liability in tort should follow as a legal incident of occupation and control: Restatement of the Law of Torts, section 357, Comment (a). By the great weight of authority, occupation and control are not reserved through an agreement by the owner to repair: *Cavalier v. Pope*, [1906] supra; Pollock, Torts, (13th ed.) 532; Salmond, Torts, (8th ed.) 251 et seq.; *Cullings v. Goetz*, (1931) supra. As was said by the then Chief Judge CARDOZO in the *Cullings* case, "The tenant and no one else may keep visitors away till the danger is abated, or adapt the warning to the need. The landlord has at most a privilege to enter for the doing of the work, and at times not even that if the occupant protests. 'The power of control necessary to raise the duty . . . implies something more than the right or liability to repair the premises. It implies the power and the right to admit people to the premises and to exclude people from them': *(Cavalier v. Pope*, [1906] A. C. 433)."

A minority of jurisdictions takes an opposite view, holding that the promise to repair is a reservation of control over the premises: *Barron v. Liedloff*, 95 Minn. 474; *Flood v. Pabst Brewing Co.*, 158 Wis. 626. The Restatement, Torts, Section 357, is in accord with this view. *Robinson v. Heil*, 128 Md. 645, and *Merchants' Cotton Press & Storage Co. v. Miller*, 135 Tenn. 187, would seem to support the same view. In *Cullings v. Goetz*, supra, it is pointed out that "The fount and origin of whatever has been said anywhere as to the enlargement of liability by a covenant to repair is an early case in England (1794) 2 H. Bl. 350, 'the unsatisfactory case of *Payne v. Rogers*,' (Salmond, Torts, [7th ed.], 279)." Even in England *Payne v. Rogers*, has been narrowly restricted by *Cavalier v. Pope*, supra, which, indeed, would deny recovery here. It is very questionable if *Payne v. Rogers*, discredited in the jurisdiction of its origin, is now authority for anything: Salmond, supra, (8th ed.) 253.

Appellant relies upon *Zimmerman v. Homer Building and Loan Association*, 111 Pa. Superior Ct. 345. That was an action in trespass to recover for personal injuries. The testimony there disclosed that defendant had promised to repair and had done so negligently. There can be no doubt that a landlord undertaking to repair the premises leased, and repairing them negligently thereby causing injury, is liable for his tort: *Tarnogurski v. Rzepski*, 252 Pa. 507; *Rehder v. Miller*, 35 Pa. Superior Ct. 344; *Gill v. Middleton*, 105 Mass. 477; *Gregor v. Cady*, 82 Me. 131; *Rowan v. Amoskeag Mfg. Co.*, 79 N. H. 409; *Marks v. Nambil Realty Co., Inc.*, 245 N. Y. 256; *Smith v. Tucker*, 151 Tenn. 347. This is so even though the undertaking was gratuitous since the root of the liability imposed is not the undertaking or promise but the making of the repairs in such a way as to create an unreasonable risk of harm to those in plaintiff's position. It is true that the opinion in the *Zimmerman* case contains language—not necessary to

the decision—which might conceivably be construed to rest recovery upon the alternative grounds (page 347) of either the landlord's failure to keep a promise to repair or, "if he did repair, doing the work in a careless and negligent manner." If the result were not supported by the second ground we would unhesitatingly disapprove that case. But since the action was trespass and recovery was allowed on the ground of negligence, it was in accordance with the established law and does not sustain appellant's contention.

There is no appellate decision directly on the point in this Commonwealth.[1] We adopt the prevailing doctrine because it is sound in reason and supported by a preponderance of juridical opinion in this country and in England.

Where the cause arises merely from failure to keep a promise to repair the remedy is in assumpsit. To found an action in trespass there must be some breach of duty apart from non-performance of the promise. When the action is assumpsit and the promisee the plaintiff, under certain circumstances recovery has been allowed for damage to the tenant's goods: *Ehinger v. Bahl,* 208 Pa. 250; *Gabai v. Krakovitz,* 98 Pa. Superior Ct. 150.

From what has been said it must be obvious the tenant could not recover if he had been injured. We have held repeatedly that a tenant takes the property as he finds it, with all existing defects which he knows or can ascertain by reasonable inspection.[2] This is so even though the premises are in a condition called ruinous:

---

[1] In *Weidner v. Roeper,* 25 D. R. 876, and *Hahn v. Roach,* 7 Northampton County Rep. 21, it was held that a covenant to repair, of itself, imposed no liability in tort.

[2] *Levin v. Philadelphia,* 277 Pa. 560; *Moore v. Weber,* 71 Pa. 429; *Levine v. McClenathan,* 246 Pa. 374; *Fed. Metal Bed Co. v. Alpha Sign Co.,* 289 Pa. 175; *Robinson v. Heverin,* 50 Pa. Superior Ct. 546; *Redman v. Weeter,* 86 Pa. Superior Ct. 173; *Rosser v. Cusani,* 97 Pa. Superior Ct. 255; Bohlen, Studies in the Law of Torts (1926) 207-208; Pollock, Torts (12th ed.) 537; 1 Tiffany, Landlord and Tenant (1910) 649 et seq.

*Robbins v. Jones,* 15 C. B. (N. S.) 221, 240. Where the entire possession and enjoyment of property are transferred by landlord to tenant, the rule of *caveat emptor* applies. As was said by Mr. Justice SHARSWOOD in *Moore v. Weber,* 71 Pa. 429, "The lessee's eyes are his bargain. He is bound to examine the premises he rents, and secure himself by covenants to repair and rebuild."

A well-recognized exception to this rule exists where the landlord gives the tenant possession of land containing, to the landlord's knowledge, dangerous hidden defects unknown to the tenant and which by reasonable inspection he cannot discover. In such a case the landlord is guilty of active wrongdoing, because he commits an act which almost inevitably draws the tenant into a hidden trap: Restatement, Torts, section 358; see *Carson v. Godley,* 26 Pa. 111; *Levin v. Philadelphia,* 277 Pa. 560; *Cowen v. Sunderland,* 145 Mass. 363; 1 Tiffany, Landlord and Tenant, (1910) 563-4. This exception is inapplicable here. There was no hidden defect, the tenant had full knowledge of the condition of the stairs, and freely admitted it. The case thus falls without the exception, and within the general rule, and it is clear that the tenant, as plaintiff suing for his own injuries in trespass, could not recover.

It is equally well-established that where the tenant has no redress against the landlord, those on the premises in the tenant's right are likewise barred. So, in Pennsylvania, it has been held a member of the tenant's family *(Robinson v. Heverin,* 50 Pa. Superior Ct. 546) and a sublessee *(Levin v. Philadelphia,* supra) has no greater rights against the landlord than has the tenant. See also *Moore v. Logan Iron and Steel Co.,* 3 Sadler (Pa.) 143. A similar result has been repeatedly reached elsewhere.[3] The ground of this principle is that since

---

[3] *Anderson v. Robinson,* 182 Ala. 615, (member of tenant's family); *Newman v. Golden,* 108 Conn. 676, (same); *Dice's Admr. v. Zweigart's Admr.,* 161 Ky. 646, (same); *Pinkerton v. Slocomb,* 126 Md. 665, (same); *Phelan v. Fitzpatrick,* 188 Mass. 237, (same);

members of the family, employees, guests and other invitees of the tenant are brought on the premises through the tenant's initiative, they must look to him and not to the owner, who is out of possession, for their protection. "A different rule . . . would impose on the lessor the duties of an occupant while divested of the benefits, and would in effect prevent the leasing of premises in which there is a concealed source of danger to persons who might enter thereon": 1 Tiffany, supra, section 96(b).

Appellant insists she is entitled to recover on the authority of *Deutsch v. Max,* 318 Pa. 450. That, and the instant case, are in some respects very similar. There an employee of the tenant was injured by the collapse of an obviously defective wooden balustrade on a second-story porch. Here, a member of the family, who was also an employee of the tenant, was injured by the collapse of an obviously defective cellar stairway. In each case the tenant was fully aware of the dangerous condition. There was no promise to repair in that case, but existence of such a promise is of no consequence in tort actions as we have already pointed out. There can be no doubt that in the *Deutsch* case, under circumstances in which the tenant could not have recovered, his employee was nonetheless permitted to recover against the owner. The result there professedly rested upon the principle that "where a landlord lets premises *in a*

---

*Keegan v. Heileman Brewing Co.,* 129 Minn. 496, (same); *Clark v. Sharpe,* 76 N. H. 446, (same); *Clyne v. Helmes,* 61 N. J. L. 358, (same); *Nelson v. Liverpool Brewery Co.,* 2 C.P.D. 311, (employee); *Lane v. Cox,* [1897] 1 Q.B. 415, (same); *Fraser v. Kruger,* 298 Fed. 693, (same); *Willson v. Treadwell,* 81 Cal. 58, (same); *Bailey v. Kelly,* 93 Kan. 723, (same); *Whitmore v. Orono Pulp and Paper Co.,* 91 Me. 297, (same); *Boudreau v. Johnson,* 241 Mass. 12, (same); *Jordan v. Miller,* 179 N. C. 73, (same); *Ryan v. Wilson,* 87 N. Y. 471, (same); *Baker v. Moeller,* 52 Wash. 605, (same); *Kuyk v. Green,* 219 Mich. 423, (sublessee); *McKenzie v. Cheetham,* 83 Me. 543, (guest); *Bloecher v. Duerbeck,* 333 Mo. 359, (same); *Bowe v. Hunking,* 135 Mass. 380, (same); *Elefante v. Pizitz,* 182 App. Div. 819, affirmed 230 N. Y. 567, (same).

*ruinous condition or in a condition amounting to a nuisance,* the landlord is liable for injuries resulting therefrom." This statement first appeared in our law in *Cunningham v. Rogers,* 225 Pa. 132, as a quotation from 2 Woodfall, Landlord and Tenant, (1st Am. ed. 1840) *735, having been taken in substance by the author from the following language of LOPES, J., in *Nelson v. Liverpool Brewery Co.,* 2 C.P.D. 311: "There are only two ways in which landlords or owners can be made liable in the case of an injury to a *stranger* by the defective repair of premises let to a tenant, the occupier and the occupier alone being *prima facie* liable: first, in the case of a contract by the landlord to do repairs where the tenant can sue him for not repairing; secondly, in the case of a misfeasance by the landlord, as, for instance, where he rents premises in a ruinous condition."

In our cases *(Cunningham v. Rogers,* supra; *Harte v. Jones,* 287 Pa. 37; *Mitchell v. Sinn,* 308 Pa. 1; *Davis v. Alsop,* 315 Pa. 28) it is carried as follows: "The liability of a landlord to third persons arises only when he has—(1) contracted to repair, (2) let the premises in a ruinous condition, or (3) expressly licensed the tenant to do acts amounting to a nuisance." An examination of these cases will disclose that in none of them was there an actual covenant to repair involved, and that the language, above referred to, was purely dictum. It is to be noted also that the language used referred only to the right of "third persons." It is clear this principle was not applicable in the *Deutsch* case, nor is it applicable here. An employee is not a third person. Inclusion of the employee in that category was the mistake in that case. This holds equally true with regard to appellant in the instant case, whether considered as a wife or as an employee. A breach of duty owed to one class of persons cannot create a cause of action in favor of a person not within the class. A plaintiff must show that as to him there was a breach of duty: Restatement, Torts, supra, section 281, comment (c); *Venzel v. Val-*

*ley Camp Coal Co.,* 304 Pa. 583; *Palsgraf v. Long Island R. R. Co.,* 248 N. Y. 339.

The doctrine of *"condition amounting to a nuisance,"* as mentioned in the *Deutsch* case, does not apply as between landlord and tenant: *Jackson v. Public Service Co.,* 86 N. H. 81. It was inapplicable to that case as it is here. The authorities there cited to support it were not actions brought by a tenant or anyone on the premises in his right against the landlord. In *Knauss v. Brua,* 107 Pa. 85, *Fow v. Roberts,* 108 Pa. 489, and *Wunder v. McLean,* 134 Pa. 334, the plaintiffs were adjacent property owners. *Kirchner v. Smith,* 207 Pa. 431 and *McLaughlin v. Kelly,* 230 Pa. 251, were cases of persons injured while on sidewalks. In *Folkman v. Lauer,* 244 Pa. 605, plaintiff, a spectator, was injured by the collapse of a grandstand at a ball park. Liability was imposed upon the lessor on the ground that the lease required the tenants to use the premises for public entertainment, that the lessor in effect participated in inviting the public to the park, and thus owed the spectators a duty to see they were not unreasonably endangered by a condition existing when the tenant took possession. Such a situation is obviously not comparable to the case confronting us of defective premises demised for the tenant's private use. In both *Carson v. Godley,* supra, and *Cowen v. Sunderland,* supra, the landlord had concealed hidden defects which, as shown above, raises an entirely different problem.

The doctrine of *"condition amounting to a nuisance"* is confined to third persons or strangers to the premises, those "either the owners or occupants of near-by property, persons temporarily on such property, or persons on a neighboring highway or other public places": 1 Tiffany, supra, 674; 16 R. C. L., (1917) Pages 1074 to 1076. The word "nuisance," as used in the law, implies the transmission of the effects beyond the boundaries of the land upon which the objectionable condition exists. As Chief Justice GIBSON said in *Knight v. Abert,* 6 Pa.

472, "A man must use his property so as not to incommode his neighbor; but the maxim [*sic utere tuo ut alienum non laedas*] extends only to neighbors who do not interfere with it or *enter upon it.*" (Italics added.) For a general discussion of the subject, see Eldredge, "Landlord's Tort Liability for Disrepair," 84 U. of Pa. Law Review, (1936) 467.

From what has been said it is clear that our decision in *Deutsch v. Max* cannot be followed. It is a bar to a proper decision in this case. For this reason it is now necessary to overrule it. There being no liability on defendants in this action, the judgment of the court below must be affirmed.

Judgment affirmed.

Mr. Justice MAXEY dissents.