## Thornton v. Brown

*D. A. Teitelbaum,* for plaintiff.

*Swartz, Campbell & Henry,* for defendant.

OLIVER, P. J., April 7, 1952.—This matter is before us on plaintiff's motion for a new trial on the ground that the trial judge erred in refusing to allow an amendment whereby plaintiff would change his form of action from trespass to assumpsit.

Plaintiff, a tenant in defendant's apartment house, brought action in trespass to recover for personal injuries and loss of working time suffered when a portion of the ceiling in the leased premises collapsed upon her. Plaintiff alleged an oral agreement with an agent

of defendant landlord, whereby in consideration of her renewal of her week-to-week lease, the agent promised to repair the sagging ceiling. Defendant failed to repair and the ceiling collapsed upon plaintiff, causing severe injuries.

Upon the termination of the evidence at trial, defendant moved for binding instructions based on Harris et ux. v. Lewistown Trust Company et al., 326 Pa. 145. The court disposed of the matter by refusing plaintiff's motion to amend and by giving binding instructions in favor of defendant.

The Harris case clearly states the rule in Pennsylvania that there can be no recovery in trespass for personal injuries based on the breach of a promise to repair rented premises, made by a landlord to a tenant who is subsequently injured by such failure to repair. The opinion by Justice Drew distinguishes those cases allowing recovery when the action is brought in assumpsit. The theory of the Harris case is this: There is no duty to repair upon the landlord unless he undertakes such duty to repair by contract, and the duty then arising is a contractual duty only and not a tort duty; and thus there can be no recovery in trespass for its breach. The case has been sharply criticised by Eldredge, Landlord's Tort Liability for Disrepair, 84 U. of Pa. L. R. 467, and is contra to the prevailing rule in other States and to the A. L. I. Restatement of the Law of Torts, §357. Nevertheless it is binding upon us as a strong and clear statement of present Pennsylvania law. See, also, Hayden v. Second National Bank of Allentown, 331 Pa. 29 (1938) ; Bouy v. Fidelity-Philadelphia Trust Company, 338 Pa. 5 (1940).

Faced with the Harris case, plaintiff moved for an amendment of his cause of action, to transform it from a suit in trespass for breach of a tort duty, to an action in assumpsit under the theory that he might then recover for personal injuries as foreseeable damages

resulting from breach of contract. There is good authority for such contention: Ehinger v. Bahl, 208 Pa. 250, and Leon Gabai, Inc., v. Krakovitz, 98 Pa. Superior Ct. 150, cited in the Harris case, distinguished therein but not overruled or qualified, allowed recovery in similar situations where plaintiff recovered for damage to furniture and store fixtures caused by the structure collapsing after a landlord's promise to repair. The court in the Ehinger case said:

"The plaintiff's measure of damages is his loss consequent upon her failure to keep her promise . . . this was a special bargain made in view of a special exigency. He remained in hourly peril because she (the lessor) promised to relieve him that very day from danger. What his actual loss was by reason of her broken promise was for the jury."

But we need not now consider the advisability of allowing recovery in assumpsit. We are faced primarily with the major question of whether or not the amendment should be allowed. Damages demanded herein are mainly for personal injuries. The injuries occurred in 1949; this suit in trespass was begun in 1949. No preliminary objections were taken by defendant and the Harris case was not used to block recovery until defendant introduced his points for binding instructions, at which time the statute of limitations on suits for personal injuries (two years from the date the cause of action arose) had lapsed. Now plaintiff wishes to amend from trespass to assumpsit. Defendant contends that such amendment, after the statute of limitations has run, is not permitted and amounts to the institution of a new action. Plaintiff contends that he is merely changing the form of action and not his cause of action or his theory of the case. And that he can still prove his case in assumpsit within the allegations of his complaint in trespass, thus eliminating the question of notice to his adversary.

The solution of the problem before us requires close investigation of the conflicting theories of tort and contract liability in cases of this type. Under the rule in many States, and as set forth by the A. L. I. Restatement of the Law of Torts, supra, a promise, if supported by sufficient consideration, by a landlord to a tenant to repair a dangerous condition on the premises gives rise to a *tort* duty and the landlord is liable for breach of that duty in damages for any personal injuries caused by such breach. The Harris case, supra, expressly refuted the application of this theory in Pennsylvania, where we recognize no *tort* duty arising from such contract. There is a possibility that similar damages could be recovered in assumpsit. But should an amendment from trespass to assumpsit be allowed where the two-year statute of limitations had run before the petition to amend was presented? If the change from trespass to assumpsit in this case is a change in plaintiff's cause of action, there is no doubt that the amendment cannot be granted. If it is merely a change in the form of action—in the purely formal terminology—then we may grant the amendment under the authority of Pa. R. C. P. 1033 and under the Act of May 10, 1871, P. L. 265, 12 PS §535.

We are of the opinion that to allow this amendment would be far more than a "nod to formalism" and a mere changing of the "title" from one form of action to another. When the action was brought in trespass, defendant was armed with the Harris decision, with a strong defense of contributory negligence and with a good possibility of avoiding liability on the basis of a clause in the original written lease absolving defendant from all liability for personal injuries caused by the condition of the premises. If this amendment is allowed, however, defendant would be deprived of all these defenses. Contributory negligence is no defense to an action for breach of contract. An agreement to

repair subsequent to the signing of the written lease would amount to a modification of the written lease and the release of liability clause would not be available as a defense. Finally, defendant would receive no protection from the Harris decision. The allowing of this proposed amendment would therefore strip defendant of his major defenses. Defendant came to trial prepared to defend an action in trespass. After all the evidence was in plaintiff asked that, with the statute of limitations having run against him, he be allowed by amendment to change his action to assumpsit.

This case is governed by Mussolino et ux. v. Coxe Bros. & Company, Inc., 357 Pa. 10 (1947), where the court said at pages 15, 16:

"While it is elementary that a plaintiff may not amend to introduce a new cause of action after the period of limitation has expired, the general rule is that he may simplify or make his statement of claim more specific at any time so long as he does not introduce a new agency as the cause of action. . . . In *Miners Savings Bank v. Naylor*, 342 Pa. 273, 280, it was said that ' "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?" [citing cases]'."

It seems clear that the instant case is governed by this well-settled test. Even if three of the four provisions are fulfilled, it is evident that the same defenses are not open to defendant in both assumpsit and in trespass. Since the same defenses are not open to defendant, the amendment cannot be allowed.

### Order

And now, to wit, April 7, 1952, plaintiff's motion for a new trial is refused.