Presley *v.* Acme Markets, Inc., Appellant.

Argued September 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John F. Ledwith,* with him *Joseph R. Thompson,* for appellant.

*S. Robert Levant,* with him *Ehrenreich, Sidkoff, Edelstein & Shusterman,* for appellee.

OPINION BY HANNUM, J., November 14, 1968:

Plaintiff filed a complaint in trespass against Acme Markets, Inc. alleging that he fell on a driveway in front of an Acme Market or grocery store and that Acme owned and controlled the said store and the sidewalk, including the driveway where he fell. Acme filed an answer denying that it owned or controlled the driveway and joined Olga Stern et al. as additional defendants. It alleged in an amended complaint that the area where the accident occurred was owned by the additional defendants and leased to Acme.

Paragraph 5 alleged: "By virtue of the lease between the defendant and the additional defendants, it was the duty of the additional defendants to maintain and repair the area where the accident took place at the time the accident took place."

The additional defendants filed preliminary objections alleging (1) that they were not liable upon the cause declared upon by the plaintiff and (2) that they were landlords out of possession. The court below sustained the preliminary objections and dismissed the amended complaint, holding that there was no relationship between the cause of action declared upon by the plaintiff and that set up by the amended complaint; that the latter might set up a right of action

for a breach of a covenant to repair but that such right would not run to the plaintiff. The court below relied upon *Harris v. Lewistown Trust Company*, 326 Pa. 145, 191 A. 34 (1937). The defendant filed the present appeal.

At the time the court below filed its opinion, the Supreme Court had not decided the case of *Reitmeyer v. Sprecher*, 431 Pa. 284, 243 A. 2d 395 (1968). In that case the Supreme Court was specifically asked to reconsider *Harris v. Lewistown Trust Company*, supra, and to overrule it. The Supreme Court did so and adopted the language of §357 of Restatement 2d, Torts, in its place. We must look to the language of that section, therefore, to determine the rights of the parties. That section reads: "Where Lessor Contracts to Repair. A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if (a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and (b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and (c) the lessor fails to exercise reasonable care to perform his contract."

It is to be noticed, and it was specifically held in the *Reitmeyer* case, supra, that "Negligence, not simply the breach of the agreement to repair, is the gist of the action in tort and the agreement to repair does not render the landlord liable unless he has knowledge of the defect when the lease is executed and the agreement to repair made and then only when consideration can be found to support the agreement to repair."

Comment d of §357 provides: "Since the duty arises out of the existence of the contract to repair, the con-

tract defines the extent of the duty. Unless it provides that the lessor shall inspect the land to ascertain the need of repairs, a contract to keep the premises in safe condition subjects the lessor to liability only if he does not exercise reasonable care after he has had notice of the need of repairs. In any case his obligation is only one of reasonable care.

"Illustration:

"1. A leases an apartment to B, and contracts to keep the apartment in good internal repair upon notice from B as to the necessity of doing so. B notifies A that the ceiling of one of the rooms is in need of repairs. The condition does not appear to be such as to threaten an immediate fall of the ceiling. While B, C, his wife, and D, a friend, are eating supper in the room, the ceiling falls and injures them. A is subject to liability to B, C, and D if, but only if, the ceiling falls after A has time, following the notice from B, to make the repairs if he exercises reasonable diligence and care."

An examination of the allegations of negligence set forth in Paragraph 7 of Acme's amended complaint will show that not one of them alleges a failure of the additional defendants to inspect the premises for possible defects nor a failure to repair a defect after knowledge of the same.

It follows that the amended complaint did not state a cause of action against the additional defendants under the requirements of §357 and that it was properly dismissed.

Order affirmed.