**Warrene REED, Appellant**

v.

**Patrice DUPUIS, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2006.

Filed March 9, 2007.

---

Timothy Reitz, Lewisburg, for appellant.

Gary L. Weber, Williamsport, for appellee.

Before FORD ELLIOTT, P.J., LALLY-GREEN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this landlord-tenant dispute, Warrene Reed appeals from the trial court's order dismissing her complaint and sustaining her landlord Patrice Dupuis's preliminary objection in the nature of a demurrer. Reed asserts that her complaint averred sufficient facts to hold her landlord liable on a theory of negligence. Reed also contends that the trial court erred in dismissing her complaint, because it concluded *sua sponte* that Reed's negligence claim was barred under the "gist of the action" doctrine. We find that the trial court erred when it determined that Reed's complaint was legally insufficient to state a claim of negligence and that her claim was barred under the "gist of the action" doctrine. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this Opinion.

¶ 2 On or about May 19, 2004, Dupuis leased residential property to Reed pursuant to a written lease. Complaint, 3/20/06, ¶ 3. On September 18, 2004, six to eight inches of water infiltrated into the basement of the leased premises and drenched the carpet. Complaint, 3/20/06, ¶¶ 6, 8. Dupuis advised Reed to run fans and increase the heat in the basement, and Reed followed Dupuis's instructions. Complaint, 3/20/06, ¶¶ 9–10. Reed offered to remove the carpet, seal the basement, and install new carpeting, but Dupuis declined Reed's offers. Complaint, 3/20/06, ¶¶ 11–12. Reed requested that Dupuis hire a professional cleaner; Dupuis declined to do so. Complaint, 3/20/06, ¶ 13. Throughout 2004, water continued to infiltrate the basement. Complaint, 3/20/06, ¶ 14. Dupuis orally promised to rectify the situa-

tion but never did. Complaint, 3/20/06, ¶ 15. As a result, mold formed in the basement of the leased premises and spread throughout the house, causing Reed physical injury and damage to her personal property. Complaint, 3/20/06, ¶¶ 16, 17, 22. On March 17, 2005, Reed exercised her right to void the lease pursuant to the express warranty of habitability clause. Complaint, 3/20/06, ¶ 18. Despite vacating the leased premises, Reed had developed sinus and respiratory health problems because she was exposed to the mold. Complaint, 3/20/06, ¶ 22.

¶ 3 On March 20, 2006, Reed filed a single-count negligence complaint against Dupuis, alleging among other things that Dupuis breached her duty to exercise reasonable care by failing to correct the water infiltration. Complaint, 3/20/06, ¶ 21(c). On April 10, 2006, Dupuis filed a preliminary objection in the nature of a demurrer, arguing that she did not owe Reed a duty of care as a matter of law and that the lease's exculpatory clause barred Reed's claim. On June 1, 2006, the trial court granted Dupuis's preliminary objection and dismissed Reed's complaint. Relying on the "gist of the action" doctrine, the trial court reasoned as follows:

We have sustained Defendant's demurrer albeit on slightly different grounds. We perceive that Plaintiff has improperly based her claim on negligence grounds when it is clear that the basis for the alleged liability arises from a failure to perform contract obligations . . . .

"In general, courts are cautious about permitting tort recovery based on contractual breaches. In keeping with this principle, this Court has recognized the 'gist of the action' doctrine, which operates to preclude a plaintiff from re-casting ordinary breach of contract claims into tort claims … [.] Although they

derive from a common origin, distinct differences between civil actions for tort and contractual breach have been developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals . . . [.] [Thus], a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.

. . . [C]ourts have held that the doctrine bars tort claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."

*Hart v. Arnold,* 884 A.2d 316, 339–40 (Pa.Super.2005) (citations omitted).

Trial Court Opinion (T.C.O.), 6/01/06, at 2–3 (paragraph numbers omitted). The trial court concluded accordingly that:

It appears based upon the Complaint [ ] this dispute arises from the allocation of maintenance duties as set forth in the lease. In addition, Defendant's liability may arise from her alleged failure to fulfill her "promise" to rectify the water infiltration problem. Both alleged bases of liability are derived from the lease itself and a subsequent promise. Plaintiff has also raised in her brief that an "implied warranty" has been breached. All such issues bring to bear contract principles. Thus, tort recovery under these facts is not permitted. Plaintiff's Complaint sounding in negligence must be dismissed.

T.C.O., 6/01/06, at 3 (paragraph numbers omitted). Reed now appeals to this Court, raising the following questions for our review:

1. WHETHER A CAUSE OF ACTION EXISTS IN NEGLIGENCE BY A TENANT AGAINST A LANDLORD WHERE A TENANT SUSTAINS INJURIES AS A RESULT OF A LANDLORD'S FAILURE TO EXERCISE REASONABLE CARE IN FULFILLING A CONTRACT AND/OR PROMISE TO REPAIR?

2. WHETHER THE COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT SUA SPONTE AND THUS DEPRIVING PLAINTIFF NOTICE AND OPPORTUNITY TO BE HEARD ON THE ISSUES PRESENTED BY THE COURT[?]

Brief for Appellant at 4.

¶ 4 Preliminarily, we note that Reed is challenging the trial court's order sustaining Dupuis's preliminary objection in the nature of a demurrer.

A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts, and every inference fairly deducible from those facts. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Podgurski v. Pa. State Univ.,* 722 A.2d 730, 731 (Pa.Super.1998) (citations and internal quotation marks omitted). Moreover, "[t]he question of whether the gist of the action doctrine applies is an issue of law subject to plenary review." *eToll, Inc.*

*v. Elias/Savion Adver.*, 811 A.2d 10, 15 (Pa.Super.2002).

¶5 In her first question, Reed asserts that the trial court erred when it determined that her negligence claim was based on contract principles and therefore barred under the "gist of the action" doctrine. Brief for Appellant at 8. Specifically, Reed argues that her complaint properly stated a claim for negligence under sections 323 and 357 of the Restatement (Second) of Torts and section 17.6 of the Restatement (Second) of Property. Brief for Appellant at 9–14. To support her contention, Reed cites *Reitmeyer v. Sprecher*, 431 Pa. 284, 243 A.2d 395 (1968), *Kelly by Kelly v. Ickes*, 427 Pa.Super. 542, 629 A.2d 1002 (1993), *superseded on other grounds by* 764 A.2d 1100, 1104 (Pa.Super.2000), and *Asper v. Haffley*, 312 Pa.Super. 424, 458 A.2d 1364 (1983). Brief for Appellant at 9–14. After review, we agree with Reed that her complaint is legally sufficient to state a claim of negligence and that the trial court erred as a matter of law when it dismissed Reed's complaint under the "gist of the action" doctrine.

¶6 In *Reitmeyer*, the tenant was injured after falling from a defective back porch and sued the landlord for negligence. *See* 243 A.2d at 396. The tenant alleged in her complaint that the landlord was aware of the defect and that he promised to fix the porch. *See id.* In reliance on the landlord's promise to fix the porch, the tenant executed the lease and inhabited the premises. *See id.* The landlord later repeated his promise to repair the porch, but he never did, and the tenant fell and injured herself two months later. *See id.* In analyzing the landlord's demurrer, our Supreme Court overruled its previous decision in *Harris v. Lewistown Trust Co.*, 326 Pa. 145, 191 A. 34 (1937), which "held that a promise on the part of a landlord to repair the premises, made at the time of

negotiation of the lease and subsequently repeated, which was not performed did not impose upon the landlord a liability *in tort ... for injuries sustained by the tenant.*" *Reitmeyer*, 243 A.2d at 396 (citation omitted, emphasis added). Instead, the Court adopted a more liberal rule, the Restatement (Second) of Torts, section 357:

§ 357 **Where Lessor Contracts to Repair**

A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if

(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

(c) the lessor fails to exercise reasonable care to perform his contract.

*See id.* (citing Restatement (Second) of Torts § 357). In reversing the trial court's granting of a demurrer, the Supreme Court noted that under the facts of the case, "*[n]egligence, not simply the breach of the agreement to repair, is the gist of the action in tort* and the agreement to repair does not render the landlord liable unless he has knowledge of the defect ... and the agreement to repair [is supported by] consideration[.]" *Reitmeyer*, 243 A.2d at 397 (emphasis added). Because the landlord's promise to fix the porch was supported by consideration, *i.e.* the tenants entered into the lease agreement as a result of the landlord's promise to repair, the Court found that the landlord could be liable in tort under section 357 if he failed to exercise reasonable care in performing his promise to repair. *See id.* at 397–98. As such, the Court conclud-

ed that the complaint stated a claim for negligence and reversed the trial court's order sustaining the landlord's preliminary objection in the nature of a demurrer. *See id.* at 398.

¶ 7 Here, Reed alleges that she put Dupuis on notice of the water infiltration problem and Dupuis promised to make the necessary repairs. Complaint, 3/20/06, ¶¶ 14, 15. Reed further avers that Dupuis prohibited her from disposing of the carpet, installing a new carpet, and hiring a professional service to waterproof and clean the basement. Complaint, 3/20/06, ¶¶ 11–13. Reed claims that water infiltrated the basement on a continuous basis in 2004 and that Dupuis failed to perform her promise to repair. Complaint, 3/20/06, ¶¶ 14, 16. Reed avers that as a result of Dupuis's failure to correct the water infiltration, mold spread throughout the house and she developed sinus and respiratory health problems. Complaint, 3/20/06, ¶¶ 16–17, 22. Accepting these well-pleaded facts as true, Reed has sufficiently alleged that Dupuis had knowledge of a condition of disrepair, the disrepair created an unreasonable risk, Dupuis promised to fix the disrepair and failed to exercise reasonable care in performing her promise. Moreover, the alleged facts create a reasonable inference that Dupuis's promise to fix the water infiltration was supported by consideration, because Reed refrained from remedying the situation herself or from hiring a professional cleaner to make the repairs. *See Reitmeyer,* 243 A.2d at 397 ("[B]y reason of the special relation between a landlord and a tenant, there is a likelihood that the latter will rely upon the former to make repairs and be induced to forego efforts which he would otherwise make to remedy dangerous conditions on the premises[.]") (citing RESTATEMENT (SECOND) OF TORTS § 357, comment (b)); *Kelly by Kelly,* 629 A.2d at 1007 (finding that the tenant's forbearance from remedying the

defect herself or hiring someone else to make the repairs acts as consideration for the landlord's promise to fix the defect). Consequently, Reed's complaint was legally sufficient to state a claim for negligence under section 357 of the Restatement (Second) of Torts.

¶ 8 Since Reed properly stated a claim for negligence under section 357 of the Restatement (Second) of Torts, the basis of her complaint derives from a duty imposed by the larger social policies embodied in the law of torts. *See eToll, Inc.,* 811 A.2d at 14 (stating that under the gist of the action doctrine, "a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.") (citation and internal quotation marks omitted). Contrary to the trial court's conclusion that "this dispute arises from the allocation of maintenance duties as set forth in the lease[,]" Dupuis's liability does not stem from any particular provision of the lease agreement. T.C.O., 6/01/06, at 3. Rather, Dupuis's liability originates from her awareness of, and promise to rectify, the water infiltration problem. This, in turn, created a legal duty on the part of Dupuis to *exercise reasonable care* in fulfilling her promise and correcting the disrepair—a duty that is separate and distinct from her contractual duty/promise to simply repair the water infiltration. *See Bohler–Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 104–05 (3d Cir.2001) (holding that minority partner's claim against the majority partner for breach of fiduciary duty was not barred under the gist of the action doctrine because Pennsylvania law imposes a fiduciary duty that is separate and distinct from the particular contractual obligations contained in the joint venture agreement). As such, Reed's negligence

claim under section 357 of the Restatement (Second) of Torts is not barred by the gist of the action doctrine. *See Reitmeyer*, 243 A.2d at 397 ("Negligence, not simply the breach of the agreement to repair, is the gist of the action in tort[.]").

 ¶ 9 In this same vein, we also agree with Reed that the gist of the action doctrine does not preclude her from seeking recovery under a theory of negligence pursuant to section 323 of the Restatement (Second) of Torts and section 17.6 of the Restatement (Second) of Property. These sections, similar to section 357 of the Restatement (Second) of Torts, impose on a landlord an independent legal duty to exercise reasonable care when he/she undertakes to render services for a tenant and repairs known dangerous conditions on the leased premises. *See Kelly by Kelly*, 629 A.2d at 1004–06 (discussing and citing RESTATEMENT (SECOND) OF TORTS § 323: Negligent Performance of Undertaking to Render Services); *Asper*, 458 A.2d at 1369 (discussing and citing RESTATEMENT (SECOND) OF PROPERTY § 17.6: Landlord Under Legal Duty to Repair Dangerous Condition). Based on the facts of Reed's complaint, the legal duties found in section 323 of the Restatement (Second) of Torts and section 17.6 of the Restatement (Second) of Property are not created or grounded in the lease agreement. As noted *supra*, they are instead distinct and separate obligations created by "the larger social policies embodied in the law of torts." *See eToll, Inc.*, 811 A.2d at 14. Therefore, following in the spirit of *Reitmeyer*, we find that Reed's negligence claim under section 323 of the Restatement (Second) of Torts and section 17.6 of the Restatement (Second) of Property are not barred by the gist of the action doctrine. Were we to hold otherwise, the tort duties imposed upon a landlord under the above-mentioned sections would be rendered meaningless and their underlying social policies would not be given effect.

¶ 10 For the foregoing reasons, we conclude that the trial court erred as a matter of law when it determined that Reed's negligence claim was barred under the gist of the action doctrine and granted Dupuis's preliminary objection in the nature of a demurrer. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this Opinion.

¶ 11 Because our resolution of this issue effectively resolves this appeal, we decline to entertain Reed's second question.

¶ 12 Order **REVERSED.** Case **REMANDED** for proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED.**