J. A11004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIRANDA GATES, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GREEN REAL ESTATE INVESTMENTS, | : | No. 842 EDA 2014 |
| LLC AND MORRIS GENERAL | : | |
| CONTRACTOR, LLC | : | |

Appeal from the Judgment Entered January 28, 2014,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. September Term, 2012 No. 1803

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 14, 2015**

Miranda Gates ("Gates") appeals from the judgment entered January 28, 2014, in favor of defendant/appellee Green Real Estate Investments, LLC.[1]  After careful review, we affirm.

---

[1] Gates purports to appeal from the January 21, 2014 order denying her motion for post-trial relief.

> 'Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court.' ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 441 Pa.Super. 281, 657 A.2d 511, 514 (1995).  An appeal from an order denying post-trial motions is interlocutory.  ***Id.***; Pa.R.A.P. 301(a), (c), and (d).  An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions. ***Id.***

The trial court has aptly summarized the facts of this matter as follows:

> Defendant owned an apartment building at 2170 East Cambria Street, Philadelphia. Plaintiff rented one of the apartments. On October 9, 2010, Plaintiff's left leg fell through a soft spot in her dining room floor and she suffered injury to her left ankle as a result. At trial, Plaintiff alleged that she had alerted Defendant to this condition prior to her accident and that it was negligent in failing to repair it. Defendant contended that Plaintiff had not provided any notice of the defect. The jury returned a verdict in favor of Defendant.

Trial court opinion, 11/4/14 at 2 (citations to the transcript omitted).

Following a jury trial, the jury found that appellee Green Real Estate was negligent, but that the negligence was not a factual cause of Gates' injury.[2] Post-trial motions were denied, and this timely appeal followed. Gates complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

Gates brings the following issues for this court's review on appeal:

> 1. When a jury concludes that the defendant was negligent, the issue of comparative negligence is not presented to the jury, and the parties agree that the plaintiff suffered an injury

---

*Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 285 (Pa.Super. 2013). We have amended the caption accordingly.

[2] A motion for directed verdict was granted for the third-party defendant, Morris General Contractor, LLC.

related to the underlying claim, is the jury's finding that the defendant's negligence was not the factual cause of plaintiff's injuries error that warrants a new trial?

2. By failing to provide the jury with the complete definition of "factual cause" charge in Pa. SSJI (Civ) 13.20, does a trial court commit error that warrants a new trial?

3. When a landlord fails to fulfill its duty to inspect and repair defects at the location where the plaintiff/tenant was injured, does a trial court err by failing to instruct the jury on the increased risk of harm?

Gates's brief at 5.

In her first issue on appeal, Gates argues that the jury's verdict was against the weight of the evidence where the parties agreed that Gates suffered some injury as a result of her fall, including an ankle sprain. Therefore, where the jury found that appellee was negligent, it could not also find that appellee's negligent conduct was not a factual cause of Gates's injuries. This issue was not raised in Gates's post-trial motion or in her Rule 1925(b) statement and is being raised for the first time on appeal. As such, it is deemed waived. *See Estate of Hicks v. Dana Companies, LLC*, 984 A.2d 943, 976 (Pa.Super. 2009) (*en banc*), *appeal denied*, 19 A.3d 1051 (Pa. 2011) ("In order to preserve issues for appellate review a party must file post-trial motions from a trial court's decision and order following the conclusion of a trial. Even when a litigant files post-trial motions but fails to raise a certain issue, that issue is deemed waived for purposes of

appellate review." (quotation marks and citations omitted)); **Cobbs v. SEPTA**, 985 A.2d 249, 256 (Pa.Super. 2009) (issue not included in appellant's statement of matters complained of on appeal was waived, citing Pa.R.A.P. 1925(b)(4)(vii)); **Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.**, 926 A.2d 977, 983 n.5 (Pa.Super. 2007) (holding that issue not raised in statement of matters complained of on appeal is waived for purposes of appeal).

In her second issue on appeal, Gates claims that the trial court failed to give a complete instruction on factual causation to the jury. Gates complains that the trial court failed to give the charge on factual causation in its entirety, as contained in the suggested standard jury instructions.[3]

> Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case.
>
> > Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error. In reviewing a trial court's charge to the jury we must look to the charge in its entirety.

---

[3] **See** Pa.SSJI (Civ.) § 13.20.

*Underwood ex rel. Underwood v. Wind*, 954 A.2d 1199, 1204 (Pa.Super. 2008), quoting *Gorman v. Costello*, 929 A.2d 1208, 1212 (Pa.Super. 2007), in turn citing *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1069-1070 (Pa. 2006).

"A trial court has wide discretion in phrasing jury instructions, and absent an abuse of discretion or an inaccurate statement of law, there is no reversible error." *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1127 (Pa. 2000) (citation omitted).

> [T]he suggested standard jury instructions are not binding, even where a party requests a trial judge specifically to use them. 'These instructions are guides only and the trial judge is free to deviate from them or ignore them entirely. What is important is whether the charge as a whole provides a sufficient and correct legal basis to guide a jury in its deliberations.'

*City of Philadelphia v. Duda by Duda*, 595 A.2d 206, 211-212 (Pa.Cmwlth. 1991), *appeal denied*, 615 A.2d 1314 (Pa. 1992), quoting *Mackowick v. Westinghouse Electric Corp.*, 541 A.2d 749, 752 (Pa.Super. 1988) (*en banc*), *affirmed*, 575 A.2d 100 (Pa. 1990).

The trial court instructed the jury on causation as follows:

> The plaintiff must prove to you that the defendant's conduct caused the plaintiff's damages. This is referred to as factual cause. The question is was the defendant's negligence -- let me start again. Was the defendant's negligent conduct a factual cause in bringing about the plaintiff's damages? Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act

> is a factual cause of an outcome if in the absence of the act, the outcome would not have occurred.

Notes of testimony, 10/17/13 at 17-18.

> The plaintiff is entitled to recover damages for all injuries the defendant's negligence was a factual cause in producing. The defendant's negligence need not be the sole cause of the injuries. Other causes may have contributed to producing the final result. The fact that some other factor may have been a contributing cause of an injury does not relieve the defendant of liability unless you find that such other cause would have produced the injury complained of independently of his negligence. Even though prior conditions or concurrent causes may have contributed to an injury, if the defendant's negligence was a factual cause in producing the injury, the defendant is liable for the full amount of damages sustained without any apportionment or diminution for the other conditions or causes.

*Id.* at 25-26.

Gates relies on *Gorman*, *supra*, where the trial court omitted a complete definition of factual cause from its jury instructions. *Gorman*, 929 A.2d at 1213. A divided panel of this court determined that the trial court's omission of the definition amounted to a fundamental error requiring a new trial. *Id. Gorman* is readily distinguishable where, in the case *sub judice*, the trial court did give a complete and accurate instruction on factual cause. The trial court need not recite from the standard jury instruction verbatim. In addition, the fact that the trial court split its instruction on factual cause, giving the instruction on concurrent causation later in the charge, does not amount to fundamental error requiring a new trial. This claim fails.

Finally, Gates contends that the trial court erred in refusing to give the jury an instruction on increased risk of harm. We disagree.

The Restatement (Second) of Torts, Section 323, provides:

> **§ 323  Negligent Performance of Undertaking to Render Services**
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)  his failure to exercise such care increases the risk of such harm, or
>
> (b)  the harm is suffered because of the other's reliance upon the undertaking.

Thus, a landlord has an independent legal duty to exercise reasonable care when he undertakes to render services for a tenant and repairs known dangerous conditions on the leased premises. **Reed v. Dupuis**, 920 A.2d 861, 867 (Pa.Super. 2007). Here, however, Gates was required by the lease to make any repair requests in writing. (Trial court opinion, 11/4/14 at 3.) While Gates alleged that she told appellee about the soft spot on the dining room floor and he promised to make repairs, there is no evidence that she notified appellee in writing of the alleged defective or dangerous condition. (**Id.** at 3-4.) Therefore, appellee had no duty to undertake repairs and the increased risk of harm instruction was inapplicable to this case. (**Id.** at 4.) Furthermore, as appellee states, Section 323 goes to negligence, not

damages. (Appellee's brief at 25-26.) The jury found appellee negligent in this case. Therefore, Gates cannot show how she was prejudiced by the trial court's refusal to instruct the jury on increased risk of harm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015